Ex Parte Bedard.

## *Ex Parte* BEDARD.

### DIVISION TWO.

1. **St. Louis Court of Criminal Correction:** PRELIMINARY EXAMINATION : INCOMPETENCY OF JUDGE : CHANGE OF VENUE. Section 4346, Revised Statutes, 1889, of the criminal code providing for changes of venue to another justice of the peace in preliminary examinations for felonies, because of the incompetency of the justice applies to such preliminary examinations pending in the St. Louis court of criminal correction.

2. ——— : ——— : ——— : ———. Sections 4174-6, Revised Statutes, 1889, of the criminal code, providing for the election of a special judge where the judge of a criminal or circuit court is incompetent to try an indictment or criminal prosecution, does not apply to preliminary examinations for felonies pending in the St. Louis court of criminal correction.

3. ——— : ——— : ——— : ———. Said sections 4174-76 do, however, apply to misdemeanor trials.

4.    ——— : HABEAS CORPUS. A prisoner committed on a preliminary
examination for felony by the judge of the St. Louis court of crim-
inal correction, against whom a sufficient affidavit of prejudice
has been filed, can be discharged on *habeas corpus.*

*Habeas Corpus.*

PRISONER DISCHARGED.

*Martin & Bass* for petitioner.

(1) The filing by the defendant of the required
affidavit, under section 4174, Revised Statutes, 1891,
rendered the judge of the St. Louis court of criminal
correction incompetent, and disqualified him as the
judge of said court from hearing the case or exercising
the powers of an examining magistrate in the particu-
lar instance. All acts done after the filing of the affi-
davit were *coram non judice. State v. Bulling*, 100
Mo. 87 ; *State v. Shipman*, 93 Mo. 147 ; *State v. Hayes*,
81 Mo. 574 ; *State v. Shea*, 95 Mo. 85 ; *State v. Green-
wade*, 72 Mo. 298 ; *State v. Brownfield*, 83 Mo. 448.
Same rule applies in civil cases. *Lacy v. Barrett*, 75
Mo. 469 ; *Corpenny v. Sedalia*, 57 Mo. 88 ; *Barnes v.
McMullin*, 78 Mo. 260 ; *Dawson v. Dawson*, 29 Mo.
App. 521. (2) The general law (R. S. 1889, sec. 4174)
applies to all courts of record exercising criminal juris-
diction, and applies to the court of criminal correction.
*State v. Hayes*, 81 Mo. 574 ; *State v. Shea*, 95 Mo. 85.
(3) The provisions of our criminal code applicable to
the circuit court and the judges thereof are also appli-
cable to any other court of record exercising criminal
jurisdiction, and the judges thereof, where no other pro-
vision is made. R. S. 1889, sec. 4303. The St. Louis
court of criminal correction is a criminal court exclu-
sively. It is a court of record, possessing all the
powers, performing all the duties, and subjected to all
the restrictions of a court of record, according to the
laws of the state. R. S. 1889, chap. 19, secs. 1, 2, p.

2152.  (4) The judge of the St. Louis court of criminal correction shall possess the qualifications of a judge of the circuit court.  Sec. 3.  The proceedings in the St. Louis court of criminal correction shall be governed by the laws regulating proceedings and practice in criminal cases, so far as applicable.  Sec. 16. (5) The defendant, after the overruling of the application for a special judge, filed his application for a change of venue, under Revised Statutes, 1889, section 4343.  Said application should have been sustained. There is not a word in the statute indicating that the judge of the St. Louis court of criminal correction was to have exclusive jurisdiction as examining magistrate in the city of St. Louis.  In such cases the rule is that the jurisdiction is concurrent.  *Tacket v. Vogler*, 85 Mo. 480; *Richardson v. Palmer*, 24 Mo. App. 480; *Purdy v. Gault*, 19 Mo. App. 191 ; 2 R. S. 1889, sec. 7, art. 19, p. 2153.  (6) Want of jurisdiction renders every pretended legal proceeding a nullity, and is the proper inquiry under a writ of *habeas corpus*. *Ex parte Snyder*, 64 Mo. 54 ; *Ex parte McDonald*, 19 Mo. App. 370; *Ex parte Woolridge*, 30 Mo. App. 612; *People v. Devine*, 5 Park. 62 ; *In the Matter of Millington*, 24 Kansas, 214; *Ex parte Jones*, 27 Ark. 349; *Ex parte Lang*, 18 Wall. 163; *Com. v. Leck*, 26 Am. Dec., note to page 41.

*Robert W. Goode* for respondent.

(1) Revised Statutes, 1889, section 4174, do not apply to the St. Louis court of criminal correction ; it is neither a circuit nor a criminal court.  (2) Section 4303, Revised Statutes of Missouri, 1889, does not apply to the court of criminal correction, because, by the terms of said section, said court is specifically excepted from its operation, different provision having been made by law for the government and control of said court and its judges.  It is a court of limited jurisdiction, with

powers and duties defined by a special act of the legis-
lature creating it. Laws of 1869, page 194 (secs. 4343,
4344, R. S. 1889), clearly express in unmistakable lan-
guage that they refer solely to justices of the peace.
Section 4346, Revised Statutes of Missouri, 1889, provides
simply that the three preceding sections shall extend
"to cases brought before justices or other magistrates
* * * so far as applicable." This last sentence is fatal
to the contention of petitioner. Said section cannot be
made applicable to the St. Louis court of criminal correc-
tion, for, should the judge of said court allow a change
of venue, there is no tribunal to which he could legally
send the case for trial. It is a familiar rule of statu-
tory construction that a statute must be construed
so as to make sense out of it if possible. By
this rule the said section cannot be held to apply to
the St. Louis court of criminal correction, for to do so
would make it nonsensical, and render it a useful ally
to give a defendant the legal right to a change of venue
from a court having jurisdiction to grant said change
and yet having no forum provided whereto to send it.
This would be a meaningless construction, not to be
adopted. If the contention of petitioner be correct,
then the judge of the St. Louis court of criminal correc-
tion should have allowed the change of venue upon the
filing of the affidavit in due form and thereupon have
immediately transmitted all the original papers and a
transcript of all his docket entries in the case to the
next nearest justice in the township, etc. R. S. 1889,
sec. 4344. Who is the next nearest justice to the St.
Louis court of criminal correction in the city of St.
Louis? This court may answer the question. I cannot.
Nowhere is it declared that the judge of the St. Louis
court of criminal correction is or ever acts as a justice
of the peace. In section 7, page 195, Acts of 1869, it is
declared that: "In cases of felony he shall and may
exercise all the powers of an examining magistrate."
An examining magistrate may, but need not necessarily,

be a justice of the peace.     R. S. 1889, secs. 4008, 4021. It would appear from the above that, as there is no other judge, justice or court to which the judge of the St. Louis court of criminal correction could send a case taken from his court by change of venue, then he cannot send a change of venue, and, therefore, cannot legally grant one, wherefore the writ herein should be dismissed.

THOMAS, J.—Emanuel Bedard was, on proper process, arrested upon a charge of felony and taken before the St. Louis court of criminal correction for preliminary examination, in June, 1891.     On the twenty-sixth day of that month he filed an affidavit, supported by two persons, to the effect that JAMES R. CLAIBORNE, judge of said court, was so prejudiced against relator that he could not have a fair and impartial trial before him and applied for the election of a special judge. This application being overruled, relator made another affidavit to the same effect, and asked to have the case sent to some justice of the peace in the city of St. Louis for hearing and determination.     This also being overruled, the court, Judge CLAIBORNE presiding, tried the case, and held relator to answer an indictment that might be preferred against him for the offense charged, and, upon his failure to enter into recognizance in the sum of $300, he was imprisoned in jail, upon a warrant of commitment issued from said court dated June 30, 1891, to await the action of the grand jury.     Relator now seeks in this proceeding to be released from such imprisonment.

Two questions arise for decision herein : *First.* Did the relator have a legal right to a change of venue from the St. Louis court of criminal correction upon the filing of the affidavits above named ?     *Second.*     Is the writ of *habeas corpus* the proper remedy in a case of this character ?

I.  To answer the first question it becomes necessary to inquire into the character and constitution of the court of criminal correction. The powers and jurisdiction of that court and the judge thereof are prescribed by article 19 of the laws especially applicable to the city of St. Louis.  R. S. 1889, p. 2152.  From the provisions of that article it appears :   *First.*   That that court is a court of record.  *Second.*   The judge of that court is a conservator of the peace within the city of St. Louis, and in cases of felony he has and may exercise all the powers of an examining magistrate, but "all warrants and processes in such cases shall be issued under the hand of the clerk of said court with the official seal of said court affixed and all such examinations shall be conducted during the open session of said court."   *Third.*   " Said court shall have exclusive original jurisdiction of all misdemeanors triable in the city of St. Louis, the punishment whereof is by fine or imprisonment in the county jail or both," etc.   *Fourth.* " The proceedings of said court shall be governed by the laws regulating proceedings and practice in criminal cases, so far as the same may be applicable."

Section 4303 of the criminal code provides that " the provisions of this code, applicable to the circuit court and the judges thereof, shall also be applicable *to any other court of record exercising criminal jurisdiction*, and the judges thereof, in all cases when no other or different provision is made by law for the government and control of such courts or judges."  . There being no provision, in the statute establishing the court of criminal correction, for a change of venue from that court on account of the prejudice of the judge, and it being a court of record, this section extends the provisions of the criminal code to it.   Let us examine these provisions, then, and see whether Judge CLAIBORNE should have ordered the election of a special judge or called in another regular judge to conduct the preliminary examination in the case.

Section 4174, Revised Statutes, 1889, provides that, "when any indictment or criminal prosecution shall be pending in any circuit or criminal court, the judge of said court shall be deemed incompetent to hear and try said cause * * * when the defendant shall make and file an affidavit supported by the affidavit of at least two reputable persons not of kin to or counsel for the defendant that the judge * * * will not afford him a fair trial." Other sections of the statute then provide for the election of a special judge or the calling in of the judge of another circuit to dispose of the case. The determination of the question here hinges upon the scope and meaning of the words "criminal prosecution," as used in section 4174, *supra*. We have no doubt they include a criminal information for a misdemeanor, but it is not so clear that they include a *preliminary examination* for a felony, and resort must, therefore, be had to constitutional provisions and statutes *in pari materia*.

The constitution of Missouri provides that "in all criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel." It will hardly be contended, we presume, that the legislature would have the right to pass a law prohibiting the accused from appearing and defending in person and by attorney in a preliminary examination on the ground that it was not "a criminal prosecution" within the meaning of this constitutional provision. A preliminary examination from its inception to its close is carried on in the name of the state, and its object is to detect crime and the criminal. In *State v. Williams*, 34 La. Ann. 1198, the supreme court of Louisiana says: "Under our system of criminal law, a prosecution has several phases or steps of proceeding; the first being usually an affidavit or charge; next, a warrant of arrest and so on through the hands of the committing magistrate whose committal transfers the prosecution to the proper criminal court, where it undergoes the other phases of presentment, arraignment, trial and conviction or acquittal

Ex Parte Bedard.

\* \* \*. If the proceedings had before the committing magistrate are not a '*prosecution*' in the legal sense, where would be the authority for detaining the accused in legal custody, or what would be the legal value of the bond furnished by the accused for his appearance before the criminal court? It is elementary in our jurisprudence that such proceedings are the basis and primary inception of the prosecution, and that the order of the committing magistrate accepting the bond of the accused is a judicial act which is the basis of the judgment of the criminal court in case of a forfeiture of the bond."

That the preliminary examination before the committing magistrate is a criminal prosecution is conceded, without argument, by this court, in the opinion of the majority of the court, and the dissenting opinion of Judge RYLAND in the case of *State v. McO'Blenis*, 24 Mo. 402. This identical question was involved in that case, and the opinions therein delivered are able, exhaustive and cogent in a marked degree. Mr. Wright, one of Missouri's most distinguished advocates, concedes that a preliminary examination is a criminal prosecution, though the proposition he contended for would have been relieved of much difficulty, if he could have plausibly avoided making this concession. And Judge RYLAND, whose dissenting opinion in the case, is unsurpassed in legal literature for its research and philosophic treatment of the questions discussed, says: "The words are, 'in all criminal prosecutions the accused has the right to meet the witnesses against him face to face.' Now if the words in question do require, *as no one has yet denied*, that the witness and the prisoner shall confront each other, and, if that was necessary to the constitutional validity of the testimony taken before the justice, it could not be dispensed with on the trial before the traverse jury, unless it could be shown that there was no criminal prosecution going on there. \* \* \* The meaning on the contrary appears to be,

that, whenever there is a prosecution and a witness, there the right of the prisoner to meet the witness *face to face* is given by the constitution   *   *   *.   Passing by what seems to me to be the plain and obvious import of the language of the constitution, I can conceive of no possible reason why the draftsmen should not intend what their words would indicate.   Is there any reason making it important that the witness and the accused should meet face to face at the examination before the magistrate, which would not apply with greater force on the trial before the petit jury?   I can think of none.'' We quote this language of this eminent jurist, though in a dissenting opinion, as being a correct exposition of the meaning of the words under review; for he evidently stated what was conceded by court and counsel to be their meaning, this concession being in antagonism somewhat to the principle he sought to establish.   *He says "no one has denied"* that the constitutional provision applied to a preliminary examination.   And this is the general doctrine.   1 Chit. Cr. Law, 1 ; Anderson's Law Dic., title ''Prosecution ;'' Bouvier's Law Dic., title '' Prosecution.''

A preliminary examination is not only carried on in the name of the state to detect crime and the criminal, but the direct effect of it may be to deprive the accused of his liberty, and hence the dearest rights of the citizen are involved.   Our legislature has guarded the rights of the people from unjust invasion by providing for a change of venue from a justice of the peace upon application of the accused supported by affidavit in preliminary examination cases.   R. S. 1889, sec. 4346.   So that, if the St. Louis court of criminal correction is exempt from the operation of all statutes on the subject of change of venue, it is the only one in the state that is so exempt, and being so exempt the statute authorizing it to hear preliminary examinations and commit parties found guilty of crimes, after the filing of proper affidavits of prejudice, would be in

violation of the fourteenth amendment to the constitution of the United States, in that it denies such parties the equal protection of the laws.

In the case of *State v. Hayes*, 81 Mo. 544, this court said : " A law authorizing changes of venue generally throughout the state, but exempting the city of St. Louis from its benefits, would be repugnant to section 1 of the fourteenth amendment to the constitution of the United States, which forbids a state to deny to any person the equal protection of the laws." It is no answer to this proposition that the object of a preliminary examination is not to convict and inflict punishment, but simply to inquire whether a crime has been committed, and, if so, whether the party accused is probably guilty of committing it, for the result may be not only to harass the party and put him to expense and trouble, but also to incarcerate him in the common jail. Indeed, it would seem that there is more reason for demanding an unprejudiced judge in cases where there is no right of appeal, than in cases where such right exists. The trial judge, whose rulings may be reviewed by an appellate tribunal, cannot, no matter how prejudiced he may be, act as arbitrarily as one whose decision is final. The right to an impartial preliminary examination before an unprejudiced court is a substantial right calculated to affect the accused in his rights of property, liberty and reputation, and, being such, a denial of it to one party in one forum, while granting it to others in other forums, is repugnant not only to constitutional guarantees, but to justice as well.

Mr. Endlich, in his work on the interpretation of statutes, section 178, says : "A presumption of much importance in this country   *   *   *   is that a legislative intent to violate the constitution is never to be assumed, if the language of the statute can be satisfied by a contrary construction. The application of this rule requires that, whenever a statute is susceptible of

two constructions, of which the one would make it unconstitutional, and the other constitutional, the latter is to be adopted." And again, in section 258, the same author continues: "Whenever the language admits of two constructions, it is obvious that the more reasonable of the two should be adopted as that which the legislature intended. If the words of the statute, though capable of an interpretation which would work manifest injustice, can possibly, within the bounds of grammatical construction and reasonable intepretation, be otherwise construed, the court ought not to attribute to the legislature an intention to do what is a clear, manifest and gross injustice. On the contrary, the presumption always is, where the design of an act is not plainly apparent, that the legislature intended the most reasonable and beneficial interpretation to be placed upon it." Hence, our interpretation of "criminal prosecution" has the support of reason and authority.

Having concluded that a preliminary examination is a "criminal prosecution" within the meaning of section 4174, *supra*, and that said court is a criminal court within the meaning of the same section, it follows that the judge of that court had no jurisdiction to hear and determine the issue raised, after the filing of the affidavits against him by the accused, and the subsequent trial and issuance of the writ of commitment were *coram non judice* and void. The affidavits rendered him incompetent to hear and try the cause. The only jurisdiction that remained in him after the filing of the affidavits was to make an order for the election of a special judge, or the calling in of another regular judge to dispose of the case. *State v. Bulling*, 105 Mo. 204, and cases cited.

II. The second question is as to the remedy. Section 5378, Revised Statutes, 1889, in relation to writs of *habeas corpus*, provides that, "if it appears that the prisoner is in custody by virtue of process from any

Ex Parte Bedard.

court legally constituted, or issued by any officer in the service of judicial proceeding before him, such prisoner can only be discharged * * * where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person." This provision renders the legal proceeding a nullity where there is no jurisdiction, and a want of jurisdiction can be inquired into under a writ of *habeas corpus*. *Ex parte Snyder*, 64 Mo. 58; 9 Am. & Eng. Ency. Law, 193, and notes. Especially can this inquiry be had where no remedy by appeal is provided, as in the case at bar. Hurd on Habeas Corpus; 18 Fed. Rep. 49; 20 C. L. J. 162.

The relator is entitled to his discharge from imprisonment by virtue of the warrant of commitment from the St. Louis court of criminal correction in the case heretofore mentioned, and the order will be that he be discharged from custody under that warrant, but be remanded to be dealt with according to the views expressed herein.

GANTT, P. J., and MACFARLANE, J., concur in the result, but on the ground that the judge of the St. Louis court of criminal correction, in preliminary examinations for felonies, does not act as a *court*, but as an examining magistrate, and that section 4346, and articles 1 and 2, of chapter 48, Revised Statutes, 1889, apply to him when acting in that capacity, and, hence, he ought to have sent the case to some justice of the peace of the city of St. Louis to be disposed of instead of ordering the election of a special judge, etc. We all agree, however, that that court acts *as a court*, in the disposition of misdemeanor cases upon information and that sections 4174, 4175, 4176, 4177 and 4178, Revised Statutes, 1889, govern it in such cases, when application is made for change of venue on account of the prejudice of the judge.