## THE STATE v. EPSTEIN, Appellant.

Division Two, January 31, 1905.

BOND FOR APPEARANCE: St. Louis Court of Criminal Correction: Preliminary Examination: Continuance for More Than Ten Days: No Release. Section 15 of the act creating the St. Louis Court of Criminal Correction (vol. 2, p. 2541, et seq., R. S. 1899), empowering that court "to establish such rules and regulations in relation to continuances as shall be just and proper," gives to said court additional powers, upon the subject of continuances, to those conferred upon magistrates by section 2448, Revised Statutes 1899, which restricts the continuance of a pre-

liminary examination before a magistrate to ten days at any one time. And, hence, the continuance of a preliminary examination, by the court of criminal correction, for more than ten days, though without the knowledge or consent of the surety on the defendant's bond, does not release the surety.

Appeal from the St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Thos. B. Harvey* for appellant.

The St. Louis court of criminal correction can exercise only such jurisdiction as is conferred on it by statute. State ex rel. v. Murphy, 132 Mo. 382; Ex parte Bedard, 106 Mo. 616; Williams v. Bowers, 26 Mo. 601; State v. Metzger, 26 Mo. 65. The court of criminal correction was, therefore, without any power to continue the case of State v. Jones for more than ten days, and, in doing so, this defendant, the surety upon Jones' bond, was absolved from any and all liability for Jones' appearance under said bond. United States v. Horton's Sureties, 2 Dill. C. C. 94; People v. McKenna, 70 N. Y. Supp. 1057.

*Herbert S. Hadley,* Attorney-General, for the State.

The Legislature, in creating the St. Louis court of criminal correction, conferred upon that court, by section 15, a right to grant continuances different from that conferred upon examining magistrates by section 2448, Revised Statutes 1899. As the presumption is that a court of record acts within its statutory powers, and acts rightly, it would be presumed that continuances for a period longer than one day were granted upon the application and affidavit of the defendant. That is, it would be presumed that the court granted

the continuance in accordance with section 15, and not contrary to its provisions. Indulging this presumption, the continuance was properly granted and the surety should be held to his bond. The Federal statute construed in United States v. Horton's Sureties, 2 Dill. C. C. 94, contains no provisions conferring upon United States commissioners the power to grant continuances other than the same power in that regard conferred upon justices of the peace in the State in which such commissioners might have jurisdiction.

FOX, J.—This cause comes here from the circuit court of the city of St. Louis upon appeal from a final judgment upon a bail bond executed by the appellant.

Counsel for appellant fairly and correctly states this case, and we adopt his statement, which is as follows:

One Henry Jones, as principal, and Samuel Epstein, as surety, executed a bail bond before the judge of the St. Louis court of criminal correction on February 12, 1903, for the appearance of the former in said court on February 20, 1903, to answer to a charge of assault to kill; and, according to the recital of the *scire facias* issued by the circuit court for criminal causes, on said twentieth day of February the case of the State v. Harry Jones was continued by said court of criminal correction to the twenty-fifth day of April, 1903, and, on said latter date the aforesaid bond was defaulted in said court, and, on April 29th, was declared forfeited by the aforesaid circuit court, and the aforesaid *scire facias* was ordered to be issued.

Appellant, by his counsel, demurred to the *scire facias* as not showing a cause of action in favor of the State against him, and saved his exceptions to the action of the court in overruling said demurrer; and, thereafter, appellant in his answer set up the defense that on February 20, 1903, at which date the aforesaid bond obligated appellant for the appearance of his

principal in the said court of correction, the said court continued said case of State v. Harry Jones for a time more than and beyond ten days, and without the knowledge or consent of this appellant, the surety on the said Harry Jones' bond. The State's demurrer to said answer as not constituting any defense was sustained, appellant saving his exceptions, and judgment was entered for plaintiff.

After unsuccessful motions for a new trial and in arrest of judgment, reasserting said unlawful continuance as a release of the surety on said bond, appellant sued out this appeal for relief from the judgment, and the cause is now before this court for consideration.

OPINION.

The record in this cause presents but one proposition for solution. That is, did the action of the St. Louis court of criminal correction, when this case was pending for preliminary hearing, by continuing the case without the surety's knowledge or consent to a time more than ten days after the date named in the bond for the defendant's appearance, absolve the surety from liability upon the bond?

Learned counsel for appellant insists that the continuance granted by the St. Louis court of criminal correction in this cause, without the knowledge or consent of the surety, operates as a release of the surety from liability upon the bond. This contention is predicated upon section 7 of the act creating the St. Louis court of criminal correction (vol. 2, R. S. 1899, p. 2543). This section, in defining the powers of the judge of said court, provides that "in cases of felony, he shall have and may exercise all the powers of an examining magistrate," and it further provides that "such examinations shall be conducted during the open session of said court."

Section 2448, Revised Statutes 1899, provides

that: "A magistrate may adjourn an examination of a prisoner pending before himself, from time to time as occasion requires, not exceeding ten days at one time. . . ."

Restating the proposition contended for by appellant, it is insisted that the only power conferred upon the court of criminal correction, in respect to continuances, is that conferred upon magistrates in a preliminary examination, and that the power of magistrates, by section 2448, supra, to continue a proceeding of a preliminary examination, is limited and re-restricted to ten days; hence, by section 7, supra, the same limitation and restriction as to the continuance of a preliminary examination, is applicable to the court of criminal correction, and such court, in this cause, having exceeded the limitation of its powers, without the knowledge or consent of the defendant, who was surety on the bond, he is thereby absolved from liability.

We confess, if sections 7 and 2448, supra, stood alone, and furnished the only authority for the exercise of power by the court of criminal correction upon the subject of continuances of preliminary examinations, a very serious proposition would confront us for solution. However, the error of this contention is made manifest when we call to the aid of such court in the exercise of its powers section 2 (vol. 2, R. S. 1899, pp. 2541 and 2542), of the act creating the court of criminal correction, as well as section 15 of such act.

Section 2 provides that such court shall be a court of record, possessing all the powers and performing all the duties and subjected to all the restrictions of courts of record, under the laws of this State.

Section 15 provides: "Said court of criminal correction shall be in session each and every day in the week, except Sunday, and State and national holidays, and the proceedings therein shall be conducted in a summary manner, and no continuance shall be granted

to the defendant in any case for a period longer than one day, except upon the affidavit of the defendant: Provided, the court may and is hereby empowered to establish such rules and regulations in relation to continuances as shall be just and proper to prevent delay and procrastination.''

We think it clear that section 15 gives to the court of criminal correction additional powers upon the subject of continuances, to those conferred upon magistrates by section 2448, supra. We have, then, as applicable to the proposition now being discussed, section 7, supra, which provides that the preliminary examination shall be held by the judge of said court of criminal correction as an examining magistrate in open session. Section 2 of the act creating the court of criminal correction makes it a court of record and section 15, supra, provides that such court, in proceedings before it, is empowered ''to establish such rules and regulations in relation to continuances as shall be just and proper.'' The power of continuing proceedings pending in the court of criminal correction is exercised by such court in pursuance of the provisions of section 15.

It may be said that section 15 is applicable alone to causes which the court has jurisdiction to try and finally dispose of; but in answer to that we simply call attention to the broad provisions of the section which, upon its face, indicates that it is treating of ''proceedings'' in that court. A preliminary examination pending in the court of criminal correction, in our opinion, falls within the term ''proceeding;'' it is in fact a criminal prosecution. [Ex parte Bedard, 106 Mo. 616.]

Again, it may be said that section 15 only authorizes the establishment of such *rules* and *regulations* in relation to continuances as may be just and proper. We take it that the power to make *rules and regulations* in respect to continuances of proceedings pend-

ing in that court, necessarily embrace the power to designate the length of time continuances may be granted. It is a court of record, and clearly the law-making power intended, by the broad and comprehensive terms of section 15, to confer additional power, upon this subject, to this court, to that of justices of the peace.

The case against Harry Jones, the principal in the bond, was continued by the court of criminal correction for more than ten days, and we are of the opinion that this was a legitimate exercise of power conferred by section 15 of the act creating that court. We are cited to United States v. Horton's Sureties, 2 Dillon Cir. Ct. Rep. 94, as supporting the contention of appellant. The Federal statutes construed by Judge DILLON in that case contained no provision conferring upon United States commissioners, in holding preliminary examinations, the power to grant continuances other than the power that was conferred upon justices of the peace in the States in which the commissioner was exercising his jurisdiction. The United States commissioner in that case could not call to his aid any other statute which gave him additional power to that of the examining magistrate in the State where the proceeding was had, for the reason that there was no such statute. In the case at bar, the additional power conferred by section 15 of the act creating the court of criminal correction is invoked and properly so; hence the Horton case is not applicable to the proposition involved in this record for that reason.

Entertaining the views as herein expressed, the judgment of the circuit court should be affirmed, and it is so ordered.

All concur.