HOWE vs. THE STATE.

No appeal will lie from the refusal of a circuit court to discharge a prisoner, on a writ of *habeas corpus*.

APPEAL from Washington Circuit Court.

McBRIDE, J., delivered the opinion of the court.

Thomas W. Howe was summoned to appear before a justice of the peace of Washington county, to testify in a cause then and there pending before the justice; he appeared but refused to be sworn, because he said he had in his possession a letter of attorney constituting him an attorney for the defendant; which letter he threw down on the table before the justice; the justice decided that he must be sworn, and upon his refusal committed to jail as for a contempt. The circuit court being then in session, Howe applied for and obtained from the court a writ

of *habeas corpus*; the circuit court, after hearing his application, refused to discharge him, and remanded him to jail. From the decision of the circuit court in refusing to discharge him, Howe appealed to this court.

We know of no provision in the constitution of this State, if it be there, nor in the statute laws, if it be there, under which the defendant asks this court to review the decision of the circuit court in the premises. The judges of this court, in common with the circuit judges and the justices of the several county courts, have power to grant writs of *habeas corpus*, and discharge persons who are illegally restrained of their liberty; and whether done by one or the other, is equally efficacious. If a judge of this court were to refuse to discharge a prisoner, on a writ of *habeas corpus*, the prisoner might on the next day make his application to a circuit judge or justice of a county court, for a writ, and be discharged by them, if entitled to his discharge by the laws of the land, without subjecting the officer discharging him, to a proceeding for a contempt. The refusal to grant a discharge, is not a final judgment from which an appeal will lie to this court. Suppose the application were made in vacation, to an officer empowered by law to grant the writ, and after hearing the evidence or inspection of the record, he should refuse to discharge the prisoner, how would an appeal be taken from that decision? And yet the several judges and justices, who are vested with the power, possess the very same jurisdiction in vacation, as in term time. The only appeal which the party has from a decision of the judge or court in refusing to discharge him, is to another judge or court, who may regard his application more favorably; and this is to be done in the character of an original application, and not in the exercise of appellate power.

The other Judges concurring herein, the appeal is dismissed at appellant's costs.