MARY FERGUSON, Respondent, *v.* MASON FERGUSON AND JANE HESSON, Appellants.

1. *Habeas Corpus—Practice—Jurisdiction.*—At the hearing upon a *habeas corpus,* the court has authority to adjudge only upon the case of the person alleged to be unlawfully restrained of his liberty, and to remand or discharge the person so restrained; beyond this it has no authority to determine the rights of the parties. Upon a petition for a *habeas corpus,* the Circuit Court has no power or jurisdiction to determine matters of guardianship, the appointment of trustees, the disposition of the property or moneys of the parties, or the making of provision for the support of the children placed in the custody of the mother, or the support of a wife living apart from her husband.

2. *Habeas Corpus—Practice—Appeal.*—From the decision of a court remanding or discharging a prisoner brought before it upon a writ of *habeas corpus,* no appeal lies.

*Appeal from Platte Circuit Court.*

*H. M. & A. H. Vories,* for appellants.

I. The petition in this case was not sufficient to authorize the court below to issue the writ, and the same should have been quashed. By 1st sec. of R. C. 1855, p. 82—concerning " guardians, curators," &c.—the father, while living, is made the lawful guardian of his children; § 15 of the same act gives him the charge, custody and control of the person of his wards, &c.

The petition in this case fails to show that the children have no father who was their guardian, or that he was unfit to have the care and custody of his children; or to show any cause why the petitioner was entitled to their custody : the cause should, therefore, have been dismissed. This defect in the petition could not be cured by the petitioner's rejoinder or reply to the return of the writ, as no such thing is contemplated by the law. (Henry v. Morris, 7 Blackf. 559.) The petition fails to state in what the illegality of the restraint of the children by the defendant consists, and is therefore bad. (R. C. 1855, p. 833.)

II. The court below, upon a writ of *habeas corpus,* had no power to investigate the matter of fact, whether the father,

who was and is made guardian of his children by the law, is a competent or fit person to exercise the rights of such guardianship, and remove him from his guardianship if he is found to be unfit; the court can only inquire into the legality of the custody or restraint of the party alleged to be confined. ( *Ex parte* Toney, 11 Mo. 662.)

A court of chancery might interfere if a proper case was made, but no such interference can be had upon a writ of *habeas corpus.* The statutes of New York, to obviate this difficulty and give summary relief in such cases, has provided that the same relief may be given by *habeas corpus;* but without such statutes no such power exists, and we have no such statute in this State. (The People v. Chegary, 18 Wend. 637; The People v. Mercein, 8 Paige's Ch. 47; 3 Hill, 399; 25 Wend. 64.)

III. In this case, if the court had the power to interfere with the guardianship of the father upon *habeas corpus,* the evidence is conclusive upon the subject, there being no evidence to show the unfitness of the father to have the custody of his children; and it is conclusively shown that he is a most fit and proper person, and that the children are properly treated. (Mercien v. People, 25 Wend. 64, opin. by Bronson.)

*Hall & Oliver*, for respondent.

I. It is contended that the court committed no error in ordering Elizabeth Ferguson under the control of her mother. In cases of this kind, the rule in the United States is to consider the interest of the children as one of the first importance, and the court will make such order as, in its opinion, the welfare of the children demands. The claims of the father or mother are considered as of secondary importance. (Commonwealth v. Addicks & wife, 5 Binney, 520; Mercein v. The People, 25 Wend. 91–102; *Ex re* Jane Wollstoncraft, 4 Johns. Ch. 82; People v. Mercien, 8 Paige, 69; 8 Johns. 328.)

II. Mrs. Ferguson was a competent witness to the brutal

treatment and conduct of her husband towards herself; she is not a party to the record; the case is really one on the part of the State of Missouri against Mason Ferguson and Jane Hesson. (8 Paige, 49; 18 Wend. 641.)

No specific objection to evidence being saved in the bill of exceptions, the objections to evidence will not be considered by the Supreme Court. (Poussin v. St. Louis Perpet. Ins. Co., 15 Mo. 246.)

III. It is competent for a mother to apply for a writ of *habeas corpus* to release her children from improper restraint by the father. On the return of such a writ, the course of practice in the courts is to deliver the party from illegal restraint, and, if competent to form and declare an election, then to allow the infant to go where it pleases; but if the infant be too young to form a judgment, then the court is to exercise its judgment for said infant. (Rex v. De Mandeville, 5 East. 122; 4 Johns. Ch. 82; 2 Kent, 252; 1 Tucker's Com. 137.)

IV. This case was tried by the court below, and its finding of facts is conclusive. The Supreme Court is not instituted to try matters of fact. (McCullough v. McCullough, 31 Mo. 229.)

V. The court below was not asked to appoint a trustee, nor to make an appropriation of Mason Ferguson's money to the use and benefit of his children. It is admitted that such an order is unauthorized in a case of this kind. Under our statute, however, this court can reform the order of the court below, or direct the court below to reform its own order. All that is contended for in the present case is, that Elizabeth Ferguson, the daughter of Mary Ferguson, be permitted to remain with her mother, as ordered by the Platte Circuit Court. There is no appeal from the order of a court, simply refusing to release a person from imprisonment, or simply ordering such a release. (Howe v. The State, 9 Mo. 690.)

HOLMES, Judge, delivered the opinion of the court.

This case comes here by appeal from the Circuit Court of Platte county, upon a judgment or decree rendered therein upon a petition for a writ of *habeas corpus*. It appears that a writ of *habeas corpus* was issued upon the petition; that the defendant made return to the writ, and that a hearing was had upon it, before the court, concerning the custody or alleged restraint of three minor children of Mason and Mary Ferguson, of the ages respectively of one, three and seven years; the eldest being a daughter—the other two, sons. Upon the hearing, the court assumed jurisdiction, not only to determine the question of discharging, or remanding, the persons alleged to be restrained of their liberty, but of various matters of guardianship, the appointment of trustees, and the disposing of the father's property for the support of the children ordered into the custody of the mother by a judgment or decree, which must be regarded as a final judgment on rights and interests of the parties, which were in no way judicially involved in a proper disposition of the *habeas corpus*. In respect of the persons restrained, the decree discharged the daughter, and ordered her into the custody of the mother, and remanded the two younger children to the custody and care of the father, upon certain conditions to be performed by him, and if not performed as ordered, then to be seized by the sheriff and delivered over to the mother; and certain sums of money were ordered to be paid by the father to trustees appointed, for the support of the children under her care. This part of the proceedings was so palpably erroneous as to require no discussion beyond a bare statement. The court had power to hear and determine the matter arising upon the petition for a *habeas corpus*, as such, in a summary manner, and to discharge, or remand, the persons restrained of their liberty, with some latitude of discretion as to which parent, under all the circumstances, was the most suitable and proper person to have the care and custody of children of tender age

for their benefit; beyond this, the court had no jurisdiction to determine the rights of the parties on a petition of this nature. (Mercien v. The People, 25 Wend. 91; *Ex parte* Toney,.11 Mo. 662.)

So far as the decision discharged, or remanded, the persons restrained, this court has no appellate jurisdiction to interfere with it, and no appeal lies to this court in such case. (Howe v. The State, 9 Mo. 682.) In this respect, the decision is not of the nature of a final judgment. It concerns only the present actual condition of things, and the order of the court is at once executed and accomplished beyond recall; and in reference to any new state of facts existing afterwards, the parties have the same remedies as before, whether by writ of *habeas corpus*, or other proceeding, in any court of competent jurisdiction; and the courts are always open to them.

The case was argued at length, and with much ability, upon the propriety of the action of the court below in disposing of the custody of the minor children, and the respective rights of the father and mother therein, under the circumstances disclosed.in the evidence. We cannot undertake to review this part of the case here; as to that, we must leave the decision where it stands. Its work is already accomplished. But so far as the court assumed jurisdiction over other matters, the proceeding must be regarded as if it had been upon a petition for relief in some cause of action at law or in equity, and in this respect the decree rendered must be treated as a final judgment of the court, on which an appeal will lie; and as such, we take jurisdiction to examine and correct the errors appearing by the record. And on this, it will be sufficient to say, that, by the laws of this State, the Circuit Court had no power or jurisdiction, on a petition for a writ of *habeas corpus*, to hear and determine of matters of guardianship, the appointment of trustees, the disposition of the property or moneys of the parties, the making of provision for,the support of the children placed in the custody of the mother, or the support of the wife living

Clark's Adm'x v. Han. & St. Jo. R.R. Co.

apart from her husband. In all such matters, the courts afford ample remedy and redress in the proper and regular forms of proceeding and in due course of law.

The other judges concurring, the judgment is reversed and annulled in all respects, *except* in so far as the same discharges the said Elizabeth Ferguson and orders her into the custody and care of her mother, and remands the said Henry C. Ferguson and Winfield C. Ferguson into the custody and care of their father, in which regard the same will remain unaffected by this appeal.