## STATE ex rel, HENRY AHRENS, SR., Relator, v. LEO S. RASSIEUR, Judge, Respondent.

**St. Louis Court of Appeals. Argued and Submitted November 17, 1914. Opinion Filed December 8, 1914.**

1. **HABEAS CORPUS: Custody of Child: Retention of Jurisdiction After Final Judgment.** In a *habeas corpus* proceeding by the father of a child against its grandparents, for the custody of the child, the court had no power to incorporate in the judgment remanding the child a provision that the court retained jurisdiction of the cause for the purpose of making such other orders from time to time, with reference to the custody of the child, as its best interest might require, since the court exhausted its jurisdiction when it ordered the child remanded; Sec. 2510, R. S. 1909, not being applicable, for the reason that it relates only to *habeas corpus* proceedings between husband and wife.

2. ———: ———: ———: **Issues.** In a *habeas corpus* proceeding by the father of a child against its grandparents, for the custody of the child, the petition prayed that the writ be issued to bring the child before the court that she may be released from the restraint and keeping of respondents, and that the care, custody and control of the child be awarded to petitioner. The return of respondents asked that they be discharged from the writ and that the child be restored to their custody and control. *Held*, that a provision in the judgment remanding the child to the custody of respondents, that the court retained jurisdiction of the cause for the purpose of making such other orders, from time to time, with reference to the custody of the child, as its best interest might require, was not within the issues and was *coram non judice.*.

3. ———: **Nature of Action.** *Habeas corpus* is an action at law.

4. ———: **Appellate Practice: Appealable Orders.** A judgment in a *habeas corpus* proceeding, either discharging or remanding the petitioner, is not appealable.

5. **PROHIBITION: Habeas Corpus: Orders Subsequent to Final Judgment: Jurisdiction.** Prohibition lies to restrain the circuit court from making orders with respect to the custody of a child, in a *habeas corpus* proceeding, where a final judgment has previously been entered in the proceeding.

Prohibition.   Original Proceeding.

WRIT MADE ABSOLUTE.

*Albert C. Davis* for relator.

*Marion C. Early* for respondent.

REYNOLDS, P. J.—At the April term, 1911, of the circuit court of the city of St. Louis, one Lee H. Mallalieu filed a petition for a writ of *habeas corpus* for the possession of his daughter Jessalee, then about two years old and in the custody of Henry Ahrens, Sr., her grandfather, and Alvina Ahrens, her grandmother, her mother being dead.  The prayer or demand for relief in the petition is:

"Wherefore, your petitioner prays that a writ of *habeas corpus* may be issued to bring the said Jessalee Mallalieu before the court that she may be released from the restraint and keeping of the said Henry Ahrens, Sr., and Alvina Ahrens, his wife, and that the care, custody and control of said child be awarded to your petitioner."

The return of Ahrens and his wife to the writ concludes thus:

"Respondents having fully made return ask to be discharged of the writ aforesaid and that the said Jessalee Mallalieu be restored to their care, custody and control as heretofore."

The cause was duly assigned to division number 9 of the circuit court, then presided over by the Honorable Leo S. Rassieur, respondent here.  At the hearing of the case on this petition and return it appeared that the child had been committed to the custody of the grandparents at the request of their daughter, then about to die, and with the assent of the father, the petitioner for the writ.  At the conclusion of the hearing and on the last day of the April, 1911, term of the

circuit court, the court denied the prayer of the petitioner, holding that the best interests of the child would be conserved by leaving her in the custody of her grandparents. It, however, granted to the petitioner, Mallalieu, the right to visit and have the custody of the child at certain stated intervals. The court further embodied as part of its judgment this: ''And the court doth retain jurisdiction of this cause, for the purpose of making such other and further orders, from time to time, with reference to the custody of the child aforesaid, as in the judgment of the court, the best interest and welfare of the said child may require.''

Nothing further transpired in the cause until June 27, 1914, when at the June term of the circuit court, apparently on the *ex parte* application of Mallalieu, the petitioner in the original cause, and without any notice to the respondents in that cause, the judge then presiding in division number 9 of the court entered an order transferring the cause to division number 4 of the court, that being the division to which the Honorable Leo S. Rassieur had in the meantime been assigned and over which he was then presiding. Thereafter and in this division number 4, a motion was filed by Mallalieu, entitled in the original case, praying the court to make an order altering and amending the decree theretofore made by the court in division number 9, on June 3, 1911, as above stated, as to the custody of the child, and to give Mallalieu exclusive custody of his daughter, free from any interference or control of the grandparents. The Honorable Circuit Judge, then presiding in division number 4, passed this motion until July 14, 1914, announcing his determination then to hear and determine the motion upon the merits.

It was to prohibit that judge from entertaining jurisdiction of the cause that the present action was brought, a petition being filed in our court in vacation, upon which an alternative writ was issued prohibiting

the Honorable Circuit Judge from further proceeding, or to show cause to the contrary. To this alternative writ the Honorable Circuit Judge made a return setting up what had been done in the matter and justifying his right to proceed in it under that part of the original order in the case by which it is claimed jurisdiction over the cause had been retained. On the coming in of this return the relator here prayed that the alternative writ be made permanent.

There is no dispute as to the facts, a question purely of law being presented and argued. That question turns on the validity of that part of the order entered in the *habeas corpus* proceeding which we have quoted above.

The relator here contends that this part of the order was without authority and beyond the jurisdiction of the court; that in the *habeas corpus* proceeding which was before the court, its attempt to retain jurisdiction for the purpose of making further orders in it was *coram non judice;* that the proceeding under the petition for *habeas corpus* having passed into judgment, the cause was at an end. The contention of the respondent as to the right to retain jurisdiction over the proceeding seems to rest chiefly upon section 2510, Revised Statutes 1909. That section provides:

"In all cases where it shall appear from the evidence in any proceedings in *habeas corpus,* instituted between husband and wife for the custody of their children under the age of fourteen years, that by reason of insanity, drunkenness, cruelty, or other cause, the party against whom the complaint is brought is unfit to have the care and government of the child or children in controversy, it shall be lawful for the court hearing said cause to award the custody of the same to the complainant or other guardian, as shall be deemed best in the premises, and to make such other orders touching the custody and control of such child or children as the court may deem proper; and the order

or decree of court touching said custody shall be valid and remain in force during any period within the minority of said child or children, which shall be fixed by said court; and any person at any time violating said order or decree may be dealt with summarily for contempt.''

This section appears in article 6, chapter 22, Revised Statutes 1909, the article being our statutory provision for proceedings under the writ of *habeas corpus*. It first appeared in our law in 1873, the title of the act being, "An Act to Provide for the Custody of Minor Children in Proceedings in *Habeas Corpus* Between Husband and Wife." [Acts 1873, p. 53.] It is obvious that this section has no application here. This is not a proceeding in *habeas corpus* "between husband and wife." It is said in argument that in drafting this section the General Assembly had in mind the welfare of the child and that although the precise words refer only to the husband and wife, it would seem a harsh construction to say that the lawmakers did not intend the statute to extend to those who stand in the position of parents, whether husband and wife or not. It is further said that the order was made in conformity with early practice in the circuit court of the city of St. Louis.

We cannot assume that the General Assembly, the lawmaking power, in so specifically confining this exception to cases arising between husband and wife, expressing that idea both in the entitling clause and in the body of the act, intended to extend it to any other cases. There is no room here for judicial construction which would have the effect of extending it. To indulge in such construction would not be a judicial act but legislative and beyond the power of the court. Nor can long usage, if that is a fact, and of this we have no information beyond the claim of counsel, make the law otherwise than as enacted. From this it necessarily follows that in attempting to preserve juris-

diction over the subject-matter, that is the custody of this child in the *habeas corpus* proceeding between the father and the grandparents, the action of the court finds no support in section 2510.

Over and above this, the clause in the order assuming to retain jurisdiction over the cause is not within the scope of the issues in this *habeas corpus* proceeding. We have set out the prayer of the petition and the conclusion of the return. These make the issue. This is an action at law. When the court had determined the issue involved, that is, to whom the custody of the child should then be committed, that was the end of that case. Unless acting under section 5316, Revised Statutes 1909, in correcting errors as to the time or place of imprisonment, or under section 2510, where the action is between husband and wife, or under other sections specially providing for the writ, the only order or judgment within the power of the court in proceedings in *habeas corpus,* such as here before us, is one either discharging the person found to be illegally and unlawfully held and restrained, or to remand him, that is, refuse a discharge. Any order outside of that is *coram non judice* and void. That is the rule applied by our Supreme Court even in a suit in equity. [See State ex rel. McManus v. McMuench, 217 Mo. 124, 117 S. W. 25.] The original order made by the court awarding the custody of this infant, a child then under fourteen years of age, in fact at that time about two years of age, was a judgment which finally determined the question of custody on the facts and issues then before the court.

No appeal lies from the decision in *habeas corpus* discharging or remanding the petitioner. Herein lies the reason why the decision must be confined to those matters alone. If the judgment in a proceeding such as here involved, attempts to go outside of this, and embraces matters outside of the issue, matters which may be the subject of appeal, it is outside of any

issue which can lawfully be presented in a proceeding by *habeas corpus* as here presented. So said our Supreme Court in Ferguson v. Ferguson, 36 Mo. 197, citing Howe v. The State, 9 Mo. 682, in support of the proposition that there is no appeal from a decision in *habeas corpus*. [See also Weir v. Marley, 99 Mo. 484, 12 S. W. 798.]

Judge HOLMES has said in the Ferguson case, supra, l. c. 201: "In this respect, the decision is not of the nature of a final judgment. It concerns only the present actual condition of things, and the order of the court is at once executed and accomplished beyond recall; and in reference to any new state of facts existing afterwards, the parties have the same remedies as before, whether by writ of *habeas corpus,* or other proceeding, in any court of competent jurisdiction, and the courts are always open to them."

The Ferguson case was decided in 1865 and before the enactment of the law of 1873 (section 2510, Revised Statutes 1909). If that section had then been in force, it might have been held to apply on the facts in that case, an action between husband and wife. When the action is not between husband and wife, the law as to *habeas corpus* is now as it then was. Ferguson v. Ferguson has always been recognized as authority on the subject of the jurisdiction of the courts in *habeas corpus,* as see Weir v. Marley, supra. It is referred to as authority in State ex rel. Barker v. Wurdeman, 254 Mo. 561, l. c. 569, 163 S. W. 849.

Whether the provision in the original order allowing the father to have the custody of the child at certain times, was within the power of the court in that proceeding, it not being a proceeding under the divorce law or one between husband and wife, is nót here raised and not considered. We express no opinion whatever upon that phase of this decree in the *habeas corpus* proceeding.

Nor is it important to here pass upon the question of the regularity of the proceeding by which, on an *ex parte* application, the cause purported to be transferred from one division of the circuit court of the city of St. Louis to another. That element disappears from the case and is not important, when we determine, as we here do, that the court, in either division, in attempting to open up the cause, was without jurisdiction and beyond its authority.

For that reason and on that ground, the alternative writ heretofore entered in this cause is made permanent, and the Honorable Judge of the circuit court of the city of St. Louis, respondent here, prohibited from exercising further jurisdiction in the matter of Jessalee Mallalieu wherein Lee H. Mallalieu was petitioner and Henry Ahrens, Sr., and Alvina Ahrens, his wife, were respondents; no costs herein to be taxed against the respondent judge. *Nortoni* and *Allen, JJ.*, concur.