In the Matter of the Application of HENRY W. WHICKER for a Writ of Habeas Corpus; HARRY B. WOLF, Appellant.

Kansas City Court of Appeals, February 1, 1915.

1. **HABEAS CORPUS: Sufficiency of Petition.** Where a petition for a writ of hebeas corpus sets out the facts of his imprisonment, the cause thereof and the reasons why it is claimed petitioner's restraint is illegal, such petition cannot be held insufficient in any review proceeding especially where no attack has been made on the petition, and the petition is as explicit as it can be made except as to facts exclusively in the breast or knowledge of the one causing the restraint.

2. ———: **Refusal to Obey Subpoena of Notary in Taking Depositions: Power of Notary to Commit: Presumption as to**

Jurisdiction. There is no presumption of jurisdiction in favor of a notary as there is in the case where a petitioner is restrained of his liberty by the judgment of a court of competent jurisdiction. The authority of the notary to take depositions depends upon the fact of the existence of a suit and on whether the opposite party therein has been notified. If no notice has been given, the notary has no authority to take depositions, no authority to subpoena witnesses therefor, and of course no authority to attach or commit for failure to obey such subpoena. And the authority or jurisdiction of the notary can be inquired into on habeas corpus.

3. **HABEAS CORPUS: Discharge of Petitioner: Allowance of Attorney Fee and Costs in Certain Cases.** Where one has been attached or committed by a notary for failing to appear or testify in the taking of depositions, and has been discharged by a court on habeas corpus, the court may, under Sec. 6404, R. S. Mo. 1909, allow an attorney's fee not exceeding $25 and adjudge the costs against the party litigant in whose behalf the refused evidence shall have been required.

4. ———: ———: ———: **Appeal.** While there is no appeal in a habeas corpus case from the order made by the court in disposing of the petitioner, whether that disposition be erroneous or not, yet where the court, in discharging a prisoner, has adjudged the costs and allowed an attorney's fee against the party litigant causing the petitioner's attachment, the party so affected may appeal from that portion of the judgment since in that feature of it at least he has a substantial interest and is aggrieved by the judgment to that extent.

5. **APPELLATE PRACTICE: Briefs: Duty of Counsel.** It is the duty of counsel to prepare and submit briefs in behalf of his client. A mere collection of a long and unbroken list of authorities under the statement that they support the disposition made of the case, is no brief, and is of little assistance to the court.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

Affirmed.

*W. F. Riggs* for appellant.

*William Thompson* for respondent.

187MoApp7

TRIMBLE, J.—Harry B. Wolf appeals from an order of the circuit court of Jackson county, Missouri, made in a *habeas corpus* proceeding wherein the petitioner, Henry W. Whicker, was discharged, and an attorney's fee of $10 together with the costs of the proceeding were taxed against the appellant.

Wolf filed a suit in a justice court against the Minneapolis, St. Paul and Sault Ste. Marie Railway Company. The record is silent as to whether or not summons was ever issued and served on the defendant, and also as to whether said railway is a resident or foreign corporation, or has a line of railway in Jackson county. On December 3, 1913, Wolf desiring to take depositions in said case, attempted to give notice thereof to the defendant therein and went about it in this manner: He delivered a copy of such notice to Henry W. Whicker and endorsed upon the original of such notice an affidavit which, omitting jurat, is as follows:

"State of Missouri, County of Jackson—ss.

Harry B. Wolf, of lawful age, being duly sworn, upon his oath states that on December 2, 1913, he served defendant with a copy of within notice to take depositions, by delivering a copy thereof to Henry W. Whicker, its clerk, agent and servant in charge of its office at 441 Sheidley building, Kansas City, Missouri.

HARRY B. WOLF."

The notary before whom the depositions were to be taken issued a subpoena for Whicker and the same was served upon him. When it was discovered that Whicker would not appear nor obey the subpoena, the notary issued an attachment for him, requiring the sheriff to take and keep him unless he should be discharged by due course of law, and upon such writ the sheriff took Whicker into custody.

Thereupon Whicker brought *habeas corpus* in the circuit court. The ground of Whicker's objection to

the validity of the notary's action was that the notary had no jurisdiction to take the depositions, first, because no summons was served upon the defendant in the case of Wolf v. the Railway; second, because no notice of the taking of the depositions was ever served upon the defendant Railway as required by law.

After hearing the evidence, the circuit court found that Whicker was being unlawfully restrained of his liberty and ordered him to be discharged, and ordered that an attorney's fee of $10 be taxed in favor of Whicker and against Harry B. Wolf as the party litigant in the case of Wolf v. the said Railway in whose behalf the refused evidence was required; and the court rendered judgment in favor of said Whicker and against Wolf for the said sum of $10 and the costs.

Appellant's first contention is that the petition for a writ of *habeas corpus* was wholly insufficient. It may be remarked here that no attack whatever was made on the petition in the trial court. But we do not think the petition was insufficient. It stated the fact of his being restrained and the facts by which such restraint came about, and alleged that the notary had no authority to take the depositions because no summons was ever served on defendant in the case in which the depositions were proposed to be taken and that no notice had ever been given defendant of the proposed taking thereof. Petitioner set out the facts as fully and as explicitly as it was possible for him to do. He could not be more explicit since the acts constituting the facts rendering the notary's attempt to take depositions valid or invalid were all within the breast and knowledge of the plaintiff in the case in which the depositions were sought to be taken. The cases cited by appellant on the insufficiency of the petition have no application. In many of them, the petition had been directly attached in the hearing of the *habeas corpus,* and this fact is explicitly recited

in the cases of prohibition or *certiorari* brought thereon in the Supreme Court. The case of State ex rel. v. Dobson, 135 Mo. 1 has no application. The opinion says on page 8, "the petition does not state nor pretend to state all the facts concerning the imprisonment and the true cause thereof; there is not even an allusion to those facts or to the cause of detention contained in the petition." But in the petition here, the facts are stated and the fact of want of notice is given as the ground of the invalidity of the act by which petitioner is restrained of his liberty. And there are other reasons why the Gibson case and others cited have no application. There is no presumption of jurisdiction in favor of a notary as there is in a case where the petitioner shows that his liberty is restrained by the judgment of a court of competent jurisdiction. [Ex parte Krieger, 7 Mo. App. 367, l. c. 369; In re Green, 126 Mo. App. 309, l. c. 316.]

The authority of the notary to take depositions depends upon whether notice was served upon defendant in the case wherein the depositions are to be taken. He can only exercise his authority in pursuance of such notice. [In re Green, 126 Mo. App. 309, l. c. 317; Secs. 6392-4-6, R. S. Mo. 1909.]

There was no notice served upon the Railway defendant in the suit. Section 6394, Revised Statutes 1909, in relation to the service of notice to take depositions, says: "In case the adverse party is a railroad . . . such notice may be served by delivering a copy thereof to any station agent of such railroad corporation." If it be true that service of notice to take depositions on the local agent of a foreign corporation upon whom a summons to the corporation could be legally served is a valid service of such notice on the corporation, this does not help appellant. The return shows on its face that Whicker was not a station agent, so that the notice did not comply with sec-

tion 6394. It did not show that there were no station agents of the defendant railway in the county on whom notice could be served; nor did it show that Whicker was an agent upon whom summons could be served pursuant to section 1766, Revised Statutes 1909. Petitioner made a showing that no notice to take depositions was served upon the defendant railway. So far as the record shows, no contrary evidence was offered to show that any notice was given. The notary was without authority to take depositions, and consequently was without authority to subpoena Whicker, and, of course, had no authority to attach or commit him for failing to obey the subpoena. And this authority or jurisdiction can be inquired into in a hearing on the writ of *habeas corpus*. [Ex parte Bedard, 106 Mo. 616; Ex parte O'Brien, 127 Mo. 477; Ex parte Snyder, 64 Mo. 58.]

Aside from the question of the petition being insufficient, it is a nice question whether or not the return to the writ was sufficient to meet the charge of invalidity contained in the petition since it discreetly avoided stating anything which bore upon that charge. But the answer to the return reiterated that charge and, in effect, raised the issue to be tried and determined by the evidence upon a trial like any other issue. [In re Breck, 252 Mo. 302, l. c. 319.]

The circuit court had jurisdiction and has discharged the petitioner and such discharge, whether erroneous or not, is final and conclusive and not subject to appeal. [Ex parte Jilz, 64 Mo. 205; In re Breck, 252 Mo. 320.] This point is not adverted to by either side in the presentation or briefing of this case, nor were any authorities therein cited. But although nothing is said on this point, we assume that what appellant is really appealing from is the judgment against him for the $10 attorney fee and the costs. Since such a judgment as this was rendered,

he is entitled to an appeal because he is affected by the judgment; and, by reason of the adjudication of the costs and attorney fee against him, he has a substantial interest in that feature of it at least. [Section 2038, R. S. Mo. 1909; McMurray v. State Bank of Savannah, 74 Mo. App. 394; In re Switzer, 201 Mo. 66, 1. c. 83 and 84; Nolan v. Johns, 108 Mo. 431, 1. c. 436.] It is true these decisions were rendered when section 2038 (then section 2246, Revised Statutes 1889) said: *"Every person* aggrieved by any final judgment, etc., may take an appeal, and were decided before this section was changed by the Act of April 18, 1891, (Laws 1891, p. 70) so as to read, "Any *party to a suit* aggrieved, etc."* But that amendment, as construed by our Supreme Court, made no change in the meaning of the statute and took away no right of appeal given to any one by the statute that was repealed. [Thomas v. Elliott, 215 Mo. 598, 1. c. 603-4; State ex rel. v. Shelton, 238 Mo. 281, 1. c. 297.] Besides, the findings of the court and the judgment based upon appellant's individual acts in the premises, make him a party to the suit. It is only with reference to that feature of the judgment allowing the attorney's fee and adjudging the costs against appellant that we have considered the appeal at all. However, to determine whether or not this feature of it can be upheld we are perhaps required to examine into the validity of the entire proceeding, since if there was no valid *habeas corpus* proceeding before the trial court, or if that court was without jurisdiction, or otherwise should not have discharged the petitioner, it would doubtless have no authority to render judgment for an attorney fee or adjudge the costs against the appellant. But our views upon that question could in noway affect the judgment so far as the petitioner's right to his liberty under the discharge is concerned.

With reference to the allowance of the attorney's fee and the costs and the judgment rendered therefor against appellant, we have only to say that section 6404, Revised Statutes 1909, giving the notary power to commit without bail for refusal to testify also provides that "in case such person be discharged from such commitment or imprisonment upon *habeas corpus* sued therefor, the party or parties litigant, in whose behalf the refused evidence shall have been required, shall be liable to pay such person the costs by him incurred in effecting such discharge; and the judge or court hearing the application for discharge may, in its discretion, at the time of such discharge, allow a further sum of not exceeding $25 for an attorney's fee for prosecuting the proceedings on *habeas corpus,* to be paid by such party or parties litigant to the person so discharged." Appellant makes no claim of a lack of jurisdiction over him save and except on account of the alleged insufficiency of the petition for the writ of *habeas corpus,* and raises no objections other than those we have hereinbefore considered. Perceiving no reason why the judgment in this particular should be disturbed, it will be accordingly affirmed.

Before closing however, we desire to say that the brief furnished by petitioner has given us very little help in arriving at a solution of the questions involved in this case. We cannot commend the method adopted in preparing such brief. In fact, to merely say "the judgment of the trial court is plainly supported by the following statutes and decisions" and then cite in one unbroken list a full page of decisions, some of which are applicable and some are not, is no brief at all. If the heavy docket of this court and the labor of keeping up with it allowed us ample time to do wholly independent and original research work in the cases before us, it would doubtless be a pleasure to work cases out ourselves unaided by anyone. But since ample time

for this is not at our disposal, we should not be required to do this where it is not imperatively necessary.

The judgment is affirmed. All concur.