THE STATE EX REL. SAMUEL MCFARLAND v. BEN TERTE, Presiding Judge of Circuit Court of Jackson County, B. F. GOODRICH RUBBER COMPANY and A. M. PETERSON.—8 S. W. (2d) 16.

Division Two, June 21, 1928.

466

*Pross T. Cross* and *Mosman, Rogers & Buzard* for relator.

*McCune, Caldwell & Downing* for respondents.

*Pross T. Cross* and *Mosman, Rogers & Buzard* for relator, in reply.

BLAIR, J.—Certiorari to the Circuit Court of Jackson County. That court made an order removing to the United States District Court for the Western District of Missouri the case of McFarland v. B. F. Goodrich Rubber Company and A. M. Peterson, on the ground of diversity of citizenship and severable controversy, as alleged in the petition for removal filed by said rubber company. Certified copies of the record of the Circuit Court of Jackson County have been lodged here in response to our writ. The case has been argued and submitted and is thus before us for decision.

Our writ was issued upon the theory that the circuit court had improperly entered its order of removal. The transcript of the proceedings in the circuit court, taken alone, discloses no reason why we should not pass upon the question of the correctness of the action of the state circuit court in granting the prayer of the petition for removal. [State ex rel. Hancock v. Falkenhainer (Mo. Sup.), 291 S. W. 466.] But, subsequent to the issuance of our writ, respondents

filed in this court their motion to quash our writ, in which, among other things, they allege (and a certified transcript of the proceedings in the Federal district court fully discloses) that, following the order of the Circuit Court of Jackson County removing the case of McFarland v. Goodrich Rubber Company to the United States District Court for the Western District of Missouri, plaintiff (relator here) filed in that court his plea to the jurisdiction of that court and motion to remand the case to the Circuit Court of Jackson County and the same were overruled by the Federal district court. Thus and thereby said Federal district court held that it had jurisdiction of the said case of McFarland v. Goodrich Rubber Company et al.

Relator insists that we cannot notice such proceedings in the Federal district court and that we must decide this case solely upon the proceedings in the Circuit Court of Jackson County and cannot determine the propriety of the ruling of that court by considerations which were not before that court. Before ruling upon such contention, we pause to consider a decision of the United States Supreme Court which we must regard as controlling upon us, if the record before us is in such shape that we may consider the proceedings in the Federal district court. That case is Chesapeake & Ohio Railway Company v. McCabe, Administratrix, 213 U. S. 207. We will refer to it as the "McCabe case."

On September 27, 1901, Mrs. McCabe, as administratrix, instituted suit against the Chesapeake & Ohio Railway Company and another railway company in one of the circuit courts of the State of Kentucky to recover damages for alleged negligence resulting in the death of her intestate. The pleadings need not be noticed. On December 11, 1901, defendant Chesapeake & Ohio Railway Company filed its petition to remove the case to the Federal circuit court, making the usual allegations as to diversity of citizenship, severable controversy and amount involved and alleging that the other defendant was not a necessary party to the suit, and was fraudulently made a party to prevent defendant Chesapeake & Ohio Railway Company from removing the case to the Federal court. On December 11, 1901, the state circuit court granted the petition for removal and directed its clerk to make up the record for transmission to such court.

An appeal to the Kentucky Court of Appeals from the order granting the removal was allowed plaintiff. The Court of Appeals reversed the order granting removal and remanded the case to the circuit court for trial. [112 Ky. 186.] After judgment for defendant in the state court, the Court of Appeals reversed the judgment and remanded the case to the circuit court for another trial. [28 Ky. Law Rep. 536.] The second trial resulted in a judgment for plaintiff for $2500. This judgment was affirmed by the Kentucky Court

of Appeals. The case was then taken on writ of error to the United States Supreme Court.

In the meantime and after the first appeal to the Kentucky Court of Appeals (which appeal was from the order of removal), defendant Chesapeake & Ohio Railway Company lodged in the Circuit Court of the United States for the Eastern District of Kentucky a certified transcript of the record in the state circuit court. After the Kentucky Court of Appeals had reversed the order of the state circuit court granting the removal, plaintiff filed in the Federal circuit court her motion to remand the case to the state circuit court. On October 19, 1903, that motion was overruled by the Federal circuit court. On April 4, 1904, defendant Chesapeake & Ohio Railway Company filed in the United States circuit court its answer to plaintiffs' petition and the case was set for trial. On the trial day judgment of dismissal was granted upon defendant's motion, and the demurrer of the other defendant was sustained and judgment was rendered in its favor.

On November 17, 1903, defendant Chesapeake & Ohio Railway Company offered to file in the state circuit court its answer setting up the proceedings in the United States circuit court and the rulings of that court on the question of its jurisdiction, its judgment of dismissal, etc., and the state circuit court refused to permit such filing. The same defense was later tendered in an amended answer, which said defendant was not permitted to file. However, both answers were permitted to be made a matter of record.

Thereafter the state circuit court proceeded to try the case on its merits, with the final result above stated. The United States Supreme Court considered only one question and that was the effect of the judgment of the United States circuit court dismissing plaintiff's case, after it had held that it had jurisdiction, which judgment was undertaken to be set up by said defendant in the state circuit court as a bar to further proceedings therein against it. In disposing of the question, Mr. Justice DAY, with the concurrence of all the justices, except Mr. Justice McKENNA, said:

"We think it was the intention of Congress to confer upon the Circuit Court of the United States a right to determine the removability of a cause, independently of the jurisdiction and determination of the state courts. And while it is true that when the judgment of a state court is under consideration it may properly be held that the courts of the State are not obliged to surrender their jurisdiction until a petition is filed making a proper ground for removal, it does not follow that, when the jurisdiction of the Circuit Court of the United States is invoked, its judgment holding a case removable and rendering a final judgment therein, can be disregarded by the state court where it is properly set up before judgment, as was

done in the present case. If this be not so, the state court may ignore an unreversed judgment of the United States Circuit Court deciding a question of Federal jurisdiction within the power conferred upon it by Congress, and wherein it was intended to give to the state court no right to review such action, and wherein the judgment is binding until properly reversed in this court, in which the question of jurisdiction can alone be finally settled, whether brought here from a state or Federal court.

"The Circuit Court of the United States having an independent jurisdiction to determine the removability of the cause, what is the proper procedure when, as has sometimes happened, the Federal court differs from the state court upon this question? This question was dealt with in Railroad Company v. Koontz, 104 U. S. 5, 15, wherein Mr. Chief Justice WAITE, speaking for the court, said:

" 'The right to remove is derived from a law of the United States, and whether a case is made for removal is a Federal question. If, after a case has been made, the state court forces the petitioning party to trial and judgment, and the highest court of the State sustains the judgment, he is entitled to his writ of error to this court if he saves the question on the record. If a reversal is had here on account of that error the case is sent back to the state court with instructions to recognize the removal, and proceed no further. Such was, in effect, the order in Gordon v. Longest, 16 Pet. 97. The petitioning party has the right to remain in the state court under protest, and rely on this form of remedy if he chooses, or he may enter the record in the circuit court and require the adverse party to litigate with him there, even while the state court is going on. This was actually done in the Removal Cases. When the suit is docketed in the circuit court, the adverse party may move to remand. If his motion is decided against him, he may save his point on the record, and after final judgment bring the case here for review, if the amount involved is sufficient for our jurisdiction. If, in such a case, we think his motion should have been granted, we reverse the judgment of the circuit court, and direct that the suit be sent back to the state court, to be proceeded with there as if no removal had been had. If the motion to remand is decided by the circuit court against the petitioning party, he can at once bring the case here by writ of error or appeal for a review of that decision, without regard to the amount in controversy. [Babbit v. Clark, 103 U. S. 606.] If, in such a case, we reverse the order of the circuit court to remand, our instructions to that court are, as in Relfe v. Rundle, 103 U. S. 222, to proceed according to law, as with a pending suit within its jurisdiction by removal.'

"So far as the case now before us is concerned it is immaterial that under the Act of March 3, 1887, the decision of a circuit court

of the United States remanding a case to the state court is final. [Missouri Pacific Railway Company v. Fitzgerald, 160 U. S. 556.]

"Again, speaking for the court on the same subject, in Burlington Railway Co. v. Dunn, 122 U. S. 513, 516, Mr. Chief Justice .WAITE said:

" 'But even though the state court should refuse to stop proceedings, the petitioning party may enter a copy of the record of that court, as it stood on the filing of his petition in the circuit court, and have the suit docketed there. If the circuit court errs in taking jurisdiction, the other side may bring the decision here for review, after final judgment or decree, if the value of the matter. in dispute is sufficient in amount.'

"From these decisions it is apparent that, while the petitioner, in the event of an adverse decision, in the state court, may remain in that court, and after a final judgment therein bring the case here for review, he is not obliged to do so. He may file the record in the Circuit Court of the United States, as was said by Mr. Chief Justice WAITE, while the case is going on in the state court. The Federal statute then gives to the United States Circuit Court jurisdiction to determine the question of removability, and it has the power, not given to the state court, to protect its jurisdiction, notwithstanding Section 720 of the Revised Statutes, by an injunction against further proceedings in the state courts. [Traction Company v. Mining Company, 196 U. S. 239.]

"In order to prevent unseemly conflict of jurisdiction it would seem that the state court in such cases should withhold its further exercise of jurisdiction until the decision of the Circuit Court of the United States is reviewed in this court. If the Federal jurisdiction is not sustained the case will be remanded with instructions that it be sent back to the state court as if no removal had been had. [Railroad Company v. Koontz, supra.]

"Conceding that, except for the principle of comity, the state court may decide the question of jurisdiction for itself, in the absence of an injunction from the Federal court in aid of its own jurisdiction, or a writ of *certiorari* requiring the state court to surrender the record under the Act of 1875, is the state court obliged to give effect to the judgment of the United States Circuit Court, from which no writ of error is taken, and rendered in the Federal court after it has sustained its own jurisdiction and refused to remand the action?

"In view of the fact that the question is a Federal one, and that the state court is given no right to review or control the exercise of the jurisdiction of the Federal court, we think that such Federal judgment cannot be ignored in the state court as one absolutely void for want of jurisdiction, and that such judgment, until reversed by a proper proceeding in this court. is binding upon the parties, and

must be given force when set up in the action. This view is sustained in the former decisions of this court upon the subject.''

The foregoing exhaustive and controlling ruling by the United States Supreme Court leaves no room for doubt that, if this court should quash the record of the Circuit Court of Jackson County, ordering the removal of the case of McFarland v. B. F. Goodrich Rubber Company et al., to the Federal district court, and the state circuit court, in pursuance of such order, should undertake to assert jurisdiction over said case, and defendant Goodrich Rubber Company should file its plea to .the jurisdiction of the state court, attaching thereto a certified transcript of the proceedings in the Federal district court above detailed, or adopt some other equally effectual way of getting such proceedings before the state court, the Circuit Court of Jackson County would necessarily have to sustain such plea or fly in the face of the controlling rule of the United States Supreme Court, as laid down in the McCabe case. If it disregarded the McCabe case and overruled the plea to its jurisdiction and the plaintiff prevailed and the question was properly preserved for review by said defendant, this court would be compelled to reverse the judgment of the trial court and remand the case with directions to dismiss the suit, or withhold further proceedings pending the outcome of the case in the Federal district court. No other course would be thinkable in view of the McCabe case.

Relator makes no contention that the rule laid down in the McCabe case is not in full force and effect and is not controlling on us and would not be enforced by the Federal Supreme Court. But he contends that said case is not in point here, for the reason that only the record of the Circuit Court of Jackson County is properly before this court in this proceeding and that we must pass upon the correctness of that court's action in granting the removal, without regard to other or subsequent proceedings in the Federal district court. Even if relator is correct in so far as a decision on the merits is concerned, it does not follow that we cannot notice facts and records which have a bearing upon the propriety of this court permitting the case to proceed further upon the merits.

Certiorari is not a writ of right. Courts exercising the power of supervisory control of inferior courts by means of certiorari are vested with judicial discretion in the issuance and continuation of such writs. [11 C. J. 128; State ex rel. Fath v. Henderson, 160 Mo. 190, 60 S. W. 1093.] It is certain that this court would not have exercised its judicial discretion in favor of issuing the writ in this case had it been advised that, after the filing of the application for such writ and before the order issuing it was made, the Federal district court had passed upon and overruled plaintiff's motion to

remand the case to the state circuit court. No such unseemly conflict of jurisdiction would intentionally have been engendered by this court. Yet such was the actual situation at the time our order issuing the writ was made on December 2, 1927. Having issued our writ, should we now close our eyes to the proffered evidence of the proceedings in the Federal district court?

It is said in 11 Corpus Juris, at page 129, that in the exercise of judicial discretion the writ of certiorari should not be granted where no beneficial result can be expected from the writ. It would seem that, if considerations outside of the record attacked in the application for certiorari should influence judicial discretion in granting the writ, such considerations, if made to appear after the issuance of the writ, should have an important bearing upon the further prosecution of the proceeding.

Assuming that relator is correct in his contention and that we should and did quash the record of the Circuit Court of Jackson County granting the removal—of what avail or benefit to plaintiff would such action be? All that defendant Goodrich Rubber Company would need to do (if it did not resort to injunction against plaintiff, as suggested in the McCabe case and other cases) would be to set up, as a bar to further proceedings in the state circuit court, the action of the Federal district court in deciding that it had jurisdiction of the case. As above pointed out, plaintiff could not hope to move further toward a valid judgment in the state circuit court with the slightest hope of ultimate success. Even assuming that plaintiff, on the record made in the Circuit Court of Jackson County, is entitled to have that record quashed, such action would be utterly futile and entirely barren of any beneficial result in the end.

In 11 Corpus Juris 186, sec. 314, and in speaking of *certiorari*, it is said: "Although properly begun, a writ may be dismissed, if the remedy thereby sought has become unavailing, or if the question involved has become merely a moot one."·

On numerous occasions this court has dismissed original proceedings and dismissed appeals where subsequent developments rendered further action in the case of no avail to the moving party. In Johnson v. Conrades (Mo. Sup.), 232 S. W. 680, the Court en Banc reversed a judgment and remanded the case with directions for the trial court to dismiss the case at respondent's (plaintiff's) cost, where a judgment against other persons upon the same cause of action had been paid and satisfied. The only difference of opinion among the judges was upon the propriety of taxing the costs to plaintiff.

In State ex rel. Winkelman v. Westhues (Mo. Sup.), 269 S. W. 379, an original proceeding in prohibition was dismissed where the relief sought by relator would have been futile and unavailing, if

granted, because the property in the hands of the receiver of the state court at the time the proceeding was instituted had passed into the hands of receivers of the Federal district court before the proceeding could be decided on its merits.

In Fugel v. Becker (Mo. Sup.), 2 S. W. (2d) 743, the judgment of the trial court granting a permanent injunction against the Secretary of State to prevent him from letting contracts for printing of initiative and referendum proposals, submitted at the 1926 general election, was reversed and remanded with directions to the trial court to dismiss the case. Such order was made on the ground that a decision on the merits was moot and useless because the particular election had been held before the appeal was heard.

Numerous other cases of the same sort could be cited. Courts are not organized to determine mere abstract questions or to decide cases where decisions can serve no useful purpose. Assuming that we would hold that the order of the Circuit Court of Jackson County in granting the removal to the Federal district court was unauthorized and that we would quash that court's record in that respect, if we decided this case upon the merits, what beneficial result would accrue? Such order would avail relator nothing. If and when the judgment of the Federal court retaining jurisdiction was properly and timely interposed against further proceedings in the state circuit court, it would be the duty of that court to stay its hand.

The case of State ex rel. Hancock v. Falkenhainer, supra, might constitute a controlling precedent authorizing us to quash the order of the Circuit Court of Jackson County, if, upon a consideration of the merits, we concluded that the case was not properly removed. But in that case the Federal district court had not ruled in favor of its own jurisdiction of the case removed.

Our conclusion is not only that our writ was improvidently issued, in view of then existing facts not known to this court, but also that its further prosecution has become futile and unjustified in view of our present knowledge of such facts and that our writ should be quashed and the proceeding in this court dismissed for that reason.

It is so ordered. All concur.