In the Matter of Dianne Cecile HUTCHINSON, Paul Basye Hutchinson and Jennifer Elaine Hutchinson, Minors.

**Jay M. HUTCHINSON, Petitioner-Respondent,**

v.

**Bettie B. WESLEY, Appellant.**

**No. 8880.**

Springfield Court of Appeals, Missouri.

May 21, 1970.

Weldon W. Moore, Moore & Moomaw, Rolla, for appellant.

No appearance for petitioner-respondent.

STONE, Judge.

In this habeas corpus proceeding in the Circuit Court of Phelps County, Missouri, petitioner Jay M. Hutchinson sought and was awarded the major custody (for eleven calendar months each year) of three minor children, namely, Dianne Cecile born December 13, 1951, Paul Basye born April 6, 1954, and Jennifer Elaine born September 27, 1956, of the marriage of petitioner and Bettie B. Hutchinson (now Wesley). Custody of those three children (as well as a fourth, David Carl born October 30, 1949, not involved in this proceeding) had been awarded to the mother in a divorce decree entered in the Superior Court of Marin County, California, on April 5, 1965. During August 1967, the mother married Dr. Paul Wesley, a professor, and returned with him to Rolla, Missouri, where she and her three children and he and three of his children by a former marriage thereafter constituted the members of the Wesley household. This proceeding instituted on November 3, 1967, eventually terminated in an order "that habeas corpus be and the same hereby is sustained" and that the three minor children be discharged from the custody of their mother (to whom the writ of habeas corpus had been directed) and committed into the custody of their father, the petitioner, for eleven calendar months each year, subject only to the mother's right to custody for one calendar month during the school vacation period each year. Following the filing of the mother's notice of appeal, her counsel have lodged with us a transcript of more than 300 pages reflecting all pleadings, evidence adduced in a two-day trial, exhibits and "home studies," have filed an exhaustive brief, and have made an earnest oral presentation.

There has been no appearance of counsel and no brief here on behalf of the petitioner father, and hence no challenge of our appellate jurisdiction. But our initial duty in every case is, ex mero motu, to consider and determine our jurisdiction [In

re Estate of Hill, Mo.App., 435 S.W.2d 722, 724(3), and cases there cited]; and so recognizing, the mother's counsel have discussed that subject with characteristic candor. In Missouri, the right of appeal is purely statutory and, when not given by statute, no such right exists.[1] It is true that, as the mother's counsel emphasize, statutes authorizing appeals should be construed liberally for appeals are favored in the law, and a fair and reasonable doubt as to the right of appeal in any given case should be resolved in recognition of such right. Listerman v. Day & Night Plumbing & Heating Service, Inc., Mo.App., 384 S.W.2d 111, 120(11), and cases there collected. But counsel's brief ignores, as we may not do, the long and unbroken line of reported cases beginning with Howe v. State, 9 Mo. 690 (1846), in which every appellate court in this state has held that no appeal lies from the decision in a habeas corpus proceeding.[2] Accordingly, the mother's appeal to this court must be dismissed.

■■■■ The avowed frustration and demonstrated dedication of the mother's counsel move us to these further observations. While the habeas corpus proceeding was still pending in the circuit court, the mother thrice unsuccessfully petitioned appellate courts for the issuance of extraordinary writs. The *first* such petition was to this court for a writ of prohibition. Being un-

persuaded that the mother had made even a prima facie showing that the circuit court did not have jurisdiction of the person (i. e., of herself and of the minors alleged to have been "unlawfully detained and held" by her) and of the subject matter, we were of the opinion that court was empowered to determine the matter before it [State ex rel. Gentry v. Westhues, 315 Mo. (banc) 672, 679, 286 S.W. 396, 398; State ex rel. Hiett v. Simmons, 112 Mo. App. 535, 538–539, 87 S.W. 35, 36] and accordingly denied the writ. State ex rel. Stearns v. White, Mo.App., 189 S.W.2d 205, 206 (1, 3). The *second* such petition was to the Supreme Court of Missouri for a writ of prohibition, which likewise was denied. The *third* such petition was to this court for a writ of certiorari. The general rule is that this writ will not issue while the proceedings in the lower tribunal are still pending and undetermined. State ex rel. United Brick & Tile Co. v. Wright, 339 Mo. (banc) 160, 165, 95 S.W.2d 804, 805(1); State ex rel. Miller v. O'Malley, 342 Mo. (banc) 641, 646, 117 S.W.2d 319, 321(2). By the mother's petition for writ of certiorari, we were told that she had filed a motion for new trial which "is now pending in the Phelps County Circuit Court." Furthermore, as between private suitors the writ does not go as a matter of course and of

1. Kansas City Power & Light Co. v. Kansas City, Mo., 426 S.W.2d 105, 107(2); Dudeck v. Ellis, Mo., 376 S.W.2d 197, 204(2); United Security Ins. Co. v. Volkswagen of America, Inc., Mo.App., 447 S.W.2d 585, 588(1); V.A.M.R. Rule 82.01; V.A.M.S. §§ 512.010(1) and 512.020.

2. *For cases involving the custody of children*, see Ferguson v. Ferguson, 36 Mo. 197, 201(2); Weir v. Marley, 99 Mo. 484, 12 S.W. 798, 799, 6 L.R.A. 672; State ex rel. Ahrens v. Rassieur, 186 Mo.App. 214, 219–220, 171 S.W. 688, 689; In re Waller, Mo.App., 234 S.W. 866(1); Edwards v. Engledorf, Mo.App., 176 S.W.2d 32; State ex rel. Stearns v. White, Mo.

App., 189 S.W.2d 205, 206; State ex rel. Kassen v. Carver, Mo.App., 355 S.W.2d 324, 327(2); In re Shepler, Mo. (banc), 372 S.W.2d 87, 89(1). *For like holdings in other habeas corpus proceedings*, see Howe v. State, 9 Mo. 690; Ex parte Jilz, 64 Mo. 205, 211; Ex parte Whicker, 187 Mo.App. 96, 101, 173 S.W. 38, 40(6); Ex parte Webers, 275 Mo. 677, 685, 205 S.W. 620, 623; State ex rel. Gentry v. Westhues, 315 Mo. (banc) 672, 678, 286 S.W. 396, 398(1); State ex rel. Stewart v. Blair, 357 Mo. (banc) 287, 300, 208 S.W.2d 268, 277(14); State v. Todd, Mo., 433 S.W.2d 550, 554, certiorari denied 394 U.S. 910, 89 S.Ct. 1022, 22 L.Ed.2d 221.

right but issuance thereof rests in a sound judicial discretion. State ex rel. Taylor v. Blair, 357 Mo. (banc) 586, 592, 210 S.W.2d 1, 3(3); State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 92, 139 S. W.2d 958, 962; State ex rel. McFarland v. Terte, 320 Mo. 465, 472, 8 S.W.2d 16, 19. Cognizant of the foregoing, we denied the mother's petition.

When finally determined, a habeas corpus proceeding usually may be reviewed by certiorari [State ex rel. Stewart v. Blair, 357 Mo. (banc) 287, 300, 208 S. W.2d 268, 277(14); State ex rel. Kassen v. Carver, Mo.App., 355 S.W.2d 324, 327(2)], and our prior discretionary denial of certiorari did not constitute an adjudication of the mother's right to have such writ upon proper petition therefor after termination of the proceeding in the circuit court. State ex rel. Duraflor Products Co. v. Pearcy, 325 Mo. 335, 344, 29 S.W.2d 83, 87(15). However, we hasten to add the caveat that nothing herein should be misconstrued as suggesting the advisability of seeking such review or indicating the probable result thereof. As the mother's counsel recognize in their brief here, "the conventional manner of review in habeas corpus proceedings [i. e., certiorari] would not provide for review on the merits, since certiorari is limited to a review of the face of the record. State ex rel. White v. Swink, 241 Mo.App. 1048, 1049, 256 S.W. 2d 825, 827(1)."[3]

The mother's appeal is dismissed.

TITUS, P. J., and HOGAN, J., concur.

3. For other cases delineating and delimiting the scope of review on certiorari, see State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 92, 99–100, 139 S.W. 2d 958, 961(1, 2), 966(18); State ex rel. Miller v. O'Malley, 342 Mo. (banc) 641, 646, 117 S.W.2d 319, 321(1); State ex rel. Shartel v. Skinker, 324 Mo. (banc) 955, 959, 25 S.W.2d 472, 474(1, 2); State ex rel. Columbia School Dist. v. Thorp, Mo.App., 411 S.W.2d 851, 853, 855(4); State ex rel. Kassen v. Carver, supra note 2, 355 S.W.2d at 327(1), 328(4); State ex rel. Stoffey v. La Driere, Mo.App., 273 S.W.2d 776, 779(3).