REBECCA J. HENDRICKSON, ADM'X, &c., Respondent, v. THE ST. LOUIS & IRON MOUNTAIN RAILROAD CO., Appellant.

*Judgment—Justices' Courts.*—Where a justice of the peace has jurisdiction of the parties and subject matter, and renders a judgment, the law presumes all the prerequisites necessary to the validity of the judgment. The errors of the justice must be corrected by a direct proceeding for that purpose, and cannot be set up in any collateral action.

*Execution—Sale—Notice.*—The purchaser of personal property at a sale by a constable under execution, need only show a valid execution and a sale under it. Whether the constable gave the requisite notice of sale or not, will not affect the purchaser's title.

*Appeal from Jefferson Circuit Court.*

*Beal* and *Hendrickson*, for respondent.

*W. Primm*, for appellant.

DRYDEN, Judge, delivered the opinion of the court.

The cordwood—the subject of controversy in this case—originally belonged to the appellant, but was afterwards sold at a constable's sale on a judgment and execution against the appellant, and bought by the respondent's intestate. Notwithstanding the sale, the appellant took and consumed the wood, and the respondent sued for damages thereby sustained.

The respondent's title to the wood is denied on the ground of the supposed insufficiency of the judgment on which the sale rests. The judgment was recovered in an action by the respondent's intestate against the appellant for damages for an alleged trespass to the personal property of the plaintiff. The justice's docket shows, that, the defendant failing to appear at the return term, a judgment by default was taken in the case, the justice first hearing proof in support of the

cause of action ; that afterwards, and within the time limited for setting aside defaults, on the appearance and motion of the defendant by its attorney, the default was set aside, and the case was set down for trial at a day fixed ; and that at the time appointed for the new trial the defendant being again in default, the default was entered, and the justice, on motion of the plaintiff, rendered a judgment confirming the judgment previously vacated.

The " Act concerning practice in justices' courts," sec. 15, art. VI, R. C. 1855, p. 952, provides that " when a defendant who has been duly served with process, or when a defendant who has once appeared to a suit, the trial of which has been adjourned, shall neglect to appear within three hours after the return of the process or the adjourned time, the justice shall proceed in the cause in the following manner :" * * * * " Second—If the writ be not founded on an instrument of writing as is declared in the preceding clause of this section, and the plaintiff appear in person or by his agent, the justice shall proceed to hear his allegations and proofs, and shall determine the cause as the very right thereof shall appear from the testimony ; and if it appear from such testimony that the plaintiff is entitled to recover, judgment shall be rendered by default against the defendant for so much as the testimony shows the plaintiff entitled to, together with costs ; and if it do not appear that the plaintiff ought to recover, judgment shall be given for the defendant as upon a verdict against the plaintiff."

The appellant's counsel assumes that the preliminary proof required by the law was not made, and that for this cause the judgment of the justice was a nullity. It should be borne in mind that the justice's docket does not show that the proof was not made, but only omits to show that it was ; and if we were of opinion that the proof was necessary to the validity of the judgment, still we would not be warranted in holding this judgment invalid, because, for aught that appears, the proof was in fact made, and it would be our duty to suppose it was so made to uphold the judgment

in support of the title acquired under it. But if it be conceded the required proof was wholly omitted, the legal result insisted upon by the learned counsel would not follow. The judgment of a court having jurisdiction of the parties, and of the subject matter of the action, is not null because the court has misconceived the law of the case. Such misconception is error, rendering the judgment erroneous—not void, and liable to be reversed for the error by appeal or other direct proceeding for the purpose; but until so reversed, remaining as valid to all intents and purposes as if the error did not exist. The justice having jurisdiction of the parties and the subject of the action, his judgment was sufficient to support the execution and sale made under it.

2. Another ground of error complained of, is that it did not appear the constable had given the notice required by law prior to the sale of the wood. The officer derives his authority to sell from the execution and not from the notice of sale. The law which enjoins upon the constable the duty of giving notice before sale is directory, and a compliance with its requirements by that officer need not be shown by him who claims title by purchase at such sale. It is the duty of the purchaser to see that the officer has a valid execution; this done, he need look no further.

3. A third point made in the argument here, is that "the act incorporating the appellant is not a general law, was not given in evidence, and could not be judicially noticed by the court below." There was nothing in the issues in the case which made it necessary to give the incorporating act in evidence. The existence of the act was neither affirmed nor denied, nor was any other matter in the case affirmed or denied which the reading of the act would have tended to prove or disprove. Furthermore, no such objection was urged in the court below, and we cannot, therefore, entertain it here.

We see no error in the record. Let the judgment be affirmed; the other judges concur.