# KENT K. KOERNER, Respondent, v. W. TUDOR WILKINSON, Appellant.

### St. Louis Court of Appeals, November 11, 1902.

1. **Contracts of Infants:** COMMON LAW: VOIDABLE CONTRACTS. The voidable contracts of an infant were enforcible against him at common law after he became of full age unless he. disaffirmed them, and he was not allowed to disaffirm by the plea of infancy if after becoming of full age he had in his possession, or under his control, the consideration received or had parted with the property received on the contract.

2. ————: ————: VOIDABLE CONTRACTS OF INFANTS UNDER THE STATUTES: STATUTORY CONSTRUCTION. Revised Statutes 1899, section 3423, makes the simple contracts of an infant non-enforcible unless ratified by him after he became of full age, and to prevent fraud and perjuries in the making of proof of ratification, points out the acts of the infant after he becomes of full age that shall constitute a ratification. These acts are, first, an acknowledgment of or promise to pay such debt, made in writing; second, a partial payment upon such debt; third, a disposal of part or all of the property for which such debt was contracted; fourth, a refusal to deliver property in his possession or under his control, for which the debt was contracted, to the person to whom the debt is due, on demand thereof made in writing.

3. ————: ————: RATIFICATION OF CONTRACT OF INFANT UNDER THE STATUTE. To admit evidence of any act or conduct as proof of ratification that is not mentioned in the statute as an act of ratification, though evidence of affirmance at common law, would be in conflict with the statute, and the evidence of ratification must be confined to proof of one or more of the specific acts declared in the statute.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

REVERSED.

*Chilton Atkinson* for appellant.

(1) The statute of 1895 is intended to be exclusive respecting the modes of ratification of contracts made during infancy, and the common law is not thereby revived. R. S. 1899, sec. 3423; Sutherland on Stat. Construction, sec. 140; R. S. 1899, sec. 4177; State v. Slaughter, 70 Mo. 484. (2) Defendant's conduct after coming of age did not constitute a ratification under the statute of 1895. Wearing the clothing after coming of age was not "disposing" of them within the meaning of the statute. State ex rel. v. State Auditor, 36 Mo. 66. (3) At common law the question of ratification was one of intention, and the conduct of defendant did not constitute a ratification even under the common law. Baker v. Kennett, 54 Mo. 89; Huthe v. Carondelet, etc., 56 Mo. 202; 2 Greenleaf on Evidence (15 Ed.), sec. 367; Petty v. Roberts, 7 Bush (Ky.) 410.

*Joseph Dickson, Jr.,* and *Smith & Koerner* for respondent.

(1) The Act of 1895 is not intended to be exclusive with reference to the methods by which an infant may ratify his contract. The general provision for ratification "by some other act than a verbal promise to pay the same" is not to be restricted to the particular instances cited therein. Hence, where the appellant after he became of age wore the clothing purchased during infancy and treated it as his own property, he ratified his contract. 23 Am. and Eng. Ency. of Law, p. 279, and cases cited; St. Louis v. Lane. 110 Mo. 254; State ex rel. v. Slover, 126 Mo. 652; State ex rel. v. Hostetter, 137 Mo. 636; State ex rel. v. McGowan, 138 Mo. 137.

(2) Even if the Act of 1895 should be held exclusive as limiting the methods of ratification of an infant's debt to the four enumerated therein, the appellant's wearing of the clothing after attaining his majority was such a disposal of it as constituted a ratification of his debt.

BLAND, P. J.—Plaintiff sued defendant before a justice of the peace by the filing of the following account:

## "EVERALL BROS.

### TAILORS.

"George Everall,
    James H. Mannigan,
        Norman L. Archer.          236 Fifth Ave.
                    "New York, May 29, 1901.
"Sold to W. Tudor Wilkinson, Esq.,
    Missouri Trust Co., 7th and Locust Sts.
1900.
March 28, Dark gray cheviot D. B. sack suit,
            lined silk ...................... 70
        Pair white Kahrker riding breeches.. 23
        White duck D. B. vest.............. 14
Oct. 3,   Oxford worsted dress suit, lined satin. 100
        Pair of extra trousers ....:........ 20
        Gray plaid cheviot sack suit, lined silk 70
        Gray silk dress vest............... 20
        Tan tweed box overcoat, satin back.. 85
        White Marseilles dress vest......... 14
        Pair black and white striped trousers. 18

                                        —  —
                                        433

                "New York, June 19, 1901.
    "For value received, we hereby assign all right, title and interest in the above claim to Kent K. Koerner.
                    "EVERALL BROS., Inc.
                    "NORMAN L. ARCHER,
                        "Secy. and Treas."

Defendant had judgment before the justice of the peace, from which plaintiff appealed to the circuit court. In the circuit court the cause was tried anew to the court on the following agreed statement of facts:

"The defendant when twenty years of age entered into a contract with Everall Bros., a New York corporation, for the clothing set forth in the foregoing statement. At that time the defendant was residing with his father, who furnished him with such clothing as he thought necessary and proper for his son to have. The father amply supplied the defendant with everything which he thought necessary for his welfare. He prohibited the defendant's purchasing things on credit and tried to supervise the purchase of his clothing. He sometimes paid bills incurred by defendant but always under protest and only when he considered the purchase within reason. The father never knew Everall Bros., did not know of defendant's purchase of them, and would not have permitted him to have the articles mentioned in their account, if he had known anything about it. The defendant associated with persons who customarily wear clothing of the character mentioned in the account. At the time he contracted for these clothes he was dependent upon his father for support and had a large supply of similar clothing in fit condition for his use. For instance, he had at that time two other dress suits; three other overcoats; one or two other riding suits; other white duck vests; a number of sack suits, and clothes of that description. After becoming of age the defendant wore the clothing, mentioned in the account, at different times in connection with the balance of his wardrobe, not being at the time cognizant of his right to return the clothes. After the suit was filed against him the defendant offered to return as much of the clothing as remained in his possession after becoming of age. This offer, however, was refused by the plaintiff. Defendant became of age December 17, 1901."

No instructions were asked or given. The court

Vol. 96 mo app—33.

found the issues for the plaintiff and rendered judgment accordingly, from which judgment defendant duly appealed.

The contract for the purchase of the clothes being voidable only, the defendant, on attaining his majority, had a right to elect to rescind the contract of purchase. The question presented by the agreed statement of facts is whether they prove, or tend to prove, that he did rescind the contract. Bearing on this question the Legislature, in 1895, passed the following act (now section 3423, R. S. 1899), to-wit:

"No action shall be maintained whereby to charge any person upon any debt contracted during infancy, unless such person shall have ratified the same by some other act than a verbal promise to pay the same; and the following acts on the part of such person after he becomes of full age shall constitute a ratification of such debt; first, an acknowledgment of or promise to pay such debt, made in writing; second, a partial payment upon such debt; third, a disposal of part or all of the property for which such debt was contracted; fourth, a refusal to deliver property in his possession or under his control, for which such debt was contracted, to the person to whom the debt is due, on demand thereof made in writing."

The statute makes the simple contracts of an infant non-enforcible unless ratified by him after he becomes of full age and, to prevent fraud and perjuries in the making of proof of ratification, points out the acts of the infant after he becomes of full age that shall constitute a ratification. These acts are, "first, an acknowledgment of or promise to pay such debt, made in writing; second, a partial payment upon such debt; third, a disposal of part or all of the property for which such debt was contracted; fourth, a refusal to deliver property in his possession or under his control, for which such debt was contracted, to the person to whom the debt is due, on demand thereof made in writing." For the reason that the statute first excludes an oral promise as evidence of ratification and

then names specific acts which shall constitute ratification, it is contended that evidence of ratification is not confined to the acts pointed out by the statute but that it may be proved by any other evidence that is competent for that purpose at common law; in other words, that the statute does not alter the common law except to exclude an oral promise as evidence of ratification. The state of the law in this State at the date of the passage of the act must be looked to in order to correctly interpret the act. In the revision of 1879, the following new section appears, to-wit:

"No action shall be maintained whereby to charge any person, upon any promise made after full age to pay any debt contracted during infancy, or upon any ratification after full age of any promise or simple contract made during infancy, unless such promise or ratification shall be made by some writing, signed by the party to be charged thereby."

This section was carried forward in the revision of 1889 as section 5189. At the session of 1895 of the General Assembly this section was repealed and section 3423, supra, was enacted in lieu thereof. The Act of 1879 prohibits the enforcement of any promise or simple contract made by an infant unless ratified by him in writing after he became of full age. The Act of 1895 merely increased the number of acts by which the contract of an infant might be ratified after full age. All of the common-law doctrine, as to the ratification of the promises and civil contracts of infants that were inconsistent with the Act of 1879, were abrogated by that act. By a simple repeal of the Act of 1879 the common-law doctrine would have been restored, but this was not done. The Act of 1895 is not merely a repeal of the Act of 1879, but a new section enacted in lieu of that act. The latter act took the place of the former one and therefore did not restore the law as it stood prior to the passage of the first act any further than that law is expressly re-enacted by the statute itself.

The voidable contracts of an infant were enforcible

against him at common law after he became of full age, unless he disaffirmed them. He was not allowed to disaffirm by the plea of infancy, if after becoming of full age he had in his possession, or under his control, the consideration received or had parted with the property received on the contract. Craig v. Van Bebber, 100 Mo. 584; Lacy v. Pixler, 120 Mo. 1. c. 388; McKenzie v. Donnell, 151 Mo. 1. c. 452; Betts v. Carroll, 6 Mo. App. 518; Green v. Green, 69 N. Y. 553; Abernathy v. Phillips, 82 Va. 769; Jenkins v. Jenkins, 12 Iowa 195; Brantley v. Wolf, 60 Miss. 420; Dana v. Coombs, 6 Me. 89; Henry v. Root, 33 N. Y. 526; Boyden v. Boyden, 9 Metc. 519.

Under the statute he is not bound to restore the consideration or to return the property received, unless he has ratified the contract, by some act or acts mentioned in the statute, after he became of full age. It is therefore apparent that the common law doctrine and the statute can not in all respects stand together. The position of the parties to such contracts at common law is turned around by the statute. At common law the promises and simple contracts of an infant that were voidable merely, the infant had to disaffirm on becoming of age, to prevent their enforcement against him. Under the statute no action can be maintained against the infant after he becomes of age unless he has ratified the promise or contract. This is a radical change in the condition of the law, and the common-law doctrine must yield wherever it conflicts with the statute. To admit evidence of any act or conduct as proof of ratification that is not mentioned in the statute as an act of ratification, though evidence of affirmance at common law, would be in conflict with the statute and we think that evidence of ratification must be confined to proof of one or more of the specific acts declared by the statute.

2. It is insisted that the retention of the clothes and the wearing of some of them after he became of full age was a disposal of them by the defendant, within the meaning of the third clause of the statute.

Disposal is a word of broad significance and is thus defined by Webster:

"(a)  To determine the fate of; to exercise control over; to fix the condition, application, employment, etc., of, to direct or assign for a use.

"(b)  To exercise finally one's power of control over; to pass over into the control of some one else; to alienate; to bestow; to part with; to get rid of; as to dispose of a house, to dispose of one's time."

The word being so varied in its meaning the sense to be attributed to it in the third clause of the statute must be determined by its connection with other clauses in the same section and with reference to the law as it stood prior to the passage of the act in respect to the same subject-matter. As we have seen, the law as it stood in this State was that the contract could not be enforced unless it had been ratified by a writing signed by the infant after he became of full age. We think, too, that the last clause of the statute immediately following the refusal-to-deliver clause refutes the idea that the word "disposal" in said clause is used in the sense "to exercise control over," for under the last clause, if the infant is in possession or has control of the property after he becomes of age, then, to prove a ratification a demand in writing on him for the delivery of the property must be made, and a refusal to deliver be shown; if a mere retention of the property after full age had been intended as an act of ratification, the addition of the last clause would be meaningless. We think the sense to be attributed to the word as used in the statute should be its most common one, to-wit, to alienate as by sale, gift or devise.

The agreed statement of facts does not show or tend to show that the defendant ratified the contract after he became of full age by any of the acts or promises pointed out in the statute. We are, therefore, forced to the conclusion that the plaintiff failed to prove his case, and we reverse the judgment. *Barclay* and *Goode, JJ.,* concur.