STATE of Missouri ex rel. Josephine HILL, Appellant,

v.

Harry S. DAVIS, Magistrate, Respondent.

No. 25704.

Missouri Court of Appeals, Kansas City District.

Dec. 4, 1972.

James A. Kushner, The Legal Aid & Defender Society of Greater Kansas City, Inc., Kansas City, for appellant.

Before SHANGLER, C. J., and CROSS and DIXON, JJ.

CROSS, Judge.

This is an appeal from the final order of the circuit court in certiorari proceedings, denying appellant Josephine Hill relief from a default judgment rendered against her by respondent Harry S. Davis, Magistrate.

The original action in the magistrate court was instituted on April 20, 1970, against appellant as defendant by Termplan Inc. as plaintiff. The suit was founded on an instrument in writing—a combination promissory note and chattel mortgage on various items of personal property, executed by appellant. Termplan's claim for an unpaid balance thereon was asserted by filing a petition in conventional form. An exact copy of the instrument sued upon, reproduced by mechanical duplicating process, was attached to and made a part of the petition. Appellant, represented by counsel, filed an answer alleging that she was a minor when she executed the note and that she had notified Termplan of her intention to disaffirm the contract. No other pleading was filed in the cause. After numerous continuances by agreement, the cause was finally continued (by agreement) to July 1, 1970. On that date appellant made no appearance, either in person, or by counsel, and judgment by default was rendered in favor of plaintiff Termplan. No appeal was taken from that judgment.

On August 28, 1970, appellant filed a petition for a writ of certiorari, alleging therein: (1) that judgment (as above described) was rendered against her in respondent's court, (2) that she was a minor when she signed the note in question, (3) that she had not ratified the contracted debt since her infancy terminated, and (4) that rendition of the judgment was in derogation of the magistrate court's authority. The petition prayed that a writ of certiorari issue directing respondent magistrate to certify a full and complete record of the proceedings in the subject cause and return it to the circuit court "in order that this (the circuit) court may adjudicate upon the legality of said proceedings."

Without formally sustaining appellant's petition, the circuit court effectively sustained it by entering an order addressed to respondent magistrate, directing that he certify and return a full, true and complete copy of the pleadings and records in the cause wherein he had rendered the judgment in question. Although not so designated, that order was, in actual legal substance, except for a title, the writ of certiorari prayed for. Return as directed was duly made by respondent magistrate. Thereupon the circuit court conducted a hearing and heard arguments on behalf of the parties relative to the issues and matters raised by appellant's petition. After due consideration the circuit court made findings of fact and conclusions of law to the ultimate effect that the magistrate had proceeded according to law and that the judgment rendered by him was valid. The circuit court's formal judgment entry reads: "Wherefore, the petitioner's petition for a Writ of Certiorari is denied." We interpret and accept that entry as a judgment refusing to quash the proceedings of the magistrate court.

As stated by the Supreme Court in *State ex rel. Jacobs v. Trimble*, 310 Mo. 150, 274 S.W. 1075, 1077: "Under our procedure the office of the writ of certiorari is the same as at common law, and our courts may properly adopt the usages and principles applicable to the issuance of the writ as the same may have been developed under the common-law system, consistent, of course, with the letter and spirit of existing statutes." Although the jurisdiction of Missouri courts to issue and determine the writ of certiorari is inherent, as a development of the common law system of jurisprudence, the Constitution of Missouri, Article 5, Section 4, V.A.M.S., recognizes and confirms that jurisdiction, without limitation, by providing that "The supreme court, courts of appeals, and circuit courts shall have a general superintending control over all inferior courts and

tribunals in their jurisdictions, and may issue and determine original remedial writs."

"Certiorari is a remedy narrow in its scope and inflexible in its character. It is not a general utility tool in the legal workshop. It cannot be made to serve the purpose of an appeal or writ of error. All that can be done under it is either to quash or to refuse to quash the proceedings of which complaint is made." State ex rel. St. Louis Union Trust Co. et al. v. Neaf, et al., 346 Mo. 86, 139 S.W.2d 958.

Further defining the nature of certiorari, the Supreme Court stated the following in Hernreich v. Quinn, 350 Mo. 770, 168 S.W.2d 1054: "Ordinarily, under our practice, the writ of certiorari is the common law writ unmodified by statute. *It brings up only the record; searches only for infirmities in jurisdiction or power; is concerned with questions of law, not fact; does not authorize an inquiry into the merits*; and can relieve only by a quashal of the record below in whole or part, without the substitution of a new judgment or order. State ex rel. St. L. Union Trust Co. v. Neaf, 346 Mo. 86, 92, 94, 139 S.W.2d 958, 961–963." (Italics supplied.)

It should be emphasized that certiorari may not be utilized to correct error committed in the exercise of lawful jurisdiction or determine the merits of controversy. It was so stated by the Supreme Court in State ex rel. Miller v. O'Malley, 342 Mo. 641, 117 S.W.2d 319: *"(T)he scope of review by certiorari is never extended to the merits. The action of the inferior body is final and conclusive on every question except jurisdiction or power. The only questions presented are questions of law arising on the face of the record."* (Emphasis ours.)

Guided by the foregoing stated principles appertaining to the scope of review by certiorari, we are constrained to the view that the only question before us is whether the magistrate had jurisdiction and authority to render a judgment in the cause—not whether he committed error in the exercise of that authority. Under the law applicable thereto we are bound to answer that question affirmatively.

The jurisdiction of magistrate courts is conferred, defined and limited by statute. Constitution Article 5, Section 20; V.A.M.S. Chapter 482. Procedures in magistrate courts are provided by V.A.M.S. Chapter 517. Their jurisdiction includes authority to entertain and adjudicate suits for the recovery of money, including those founded on a written instrument, such as is involved in this review. V.A.M.S. Sections 482.090, 517.050. The case here involved, being of that nature, was properly cognizable by the respondent magistrate and within his statutorily conferred jurisdiction.

We point, however, to another statutory provision of most acute and determinative significance to the question of respondent's authority. V.A.M.S. Section 517.460 not only confers specific jurisdiction upon the magistrate to render a default judgment under circumstances that existed in the case before him, but positively mandates that he do so. Section 517.460 reads, in pertinent part, as follows:

"(1) If the suit be founded upon an instrument of writing, which, or a verified copy of which, has been filed with the magistrate at the commencement of the action, and purporting to have been executed by the other party, and the demand of the plaintiff is liquidated by such instrument, the magistrate shall, whether the plaintiff appear or not, render judgment with costs against the defendant by default, for the amount which shall appear by such instrument to be due to the plaintiff, after allowing the proper discounts for all payments endorsed thereon;

(2) If the suit be not founded on an instrument of writing as is declared in the preceding clause of this section and the plaintiff appear in person or by his

attorney, the magistrate shall proceed to hear his allegations and proofs and shall determine the cause as the very right thereof shall appear from the testimony, and if it appear from such testimony that the plaintiff is entitled to recover, judgment shall be rendered by default against the defendant for so much as the testimony shows the plaintiff is entitled to, together with costs; and if it does not appear that the plaintiff ought to recover, judgment shall be given for the defendant as upon a verdict against the plaintiff; * * *."

Inasmuch as appellant was duly served with process, had appeared in the suit by filing answer and agreeing to continuances, and neglected to appear at the "adjourned time" agreed upon by the parties as the final trial date, it became the lawfully imposed mandatory duty of the magistrate to render the default judgment against her. In that posture, he necessarily acted within his jurisdiction.

Appellant's brief contains two points, in the first of which she asserts that the judgment rendered against her by the magistrate is invalid because no guardian ad litem for her was appointed. So contending, she relies upon V.A.M.S. Section 517.210, which prescribes the duties of magistrates relative to appointment of a guardian for an infant defendant. That section reads as follows:

"After the service and return of process against the infant defendant, the suit shall not be any further prosecuted until a guardian for such defendant be appointed. Upon the request of such defendant, the magistrate shall appoint some person who will consent thereto, in writing, to be the guardian of the defendant in the defense of the suit; and if the defendant shall not appear on the return day of such process, or if he neglect or refuse to nominate such guardian, the magistrate may, on motion of the plaintiff, appoint any discreet person as such guardian."

Additional facts relative to appellant's age at various stages of the magistrate court suit are necessary for discussion of her first point. Specific information of that nature was not divulged by appellant prior to the filing of her petitition for writ of certiorari in the circuit court on August 28, 1970. Attached to that pleading were documents indicating that her date of birth was May 12, 1949. As stated, the suit in magistrate court was filed on April 20, 1970, and summons designating May 20th, 1970, as the day for her appearance, was served upon her on April 27, 1970. On May 12, 1970, eight days prior to the return day named in the summons, she reached her twenty-first birthday and became an adult. On June 3, 1970, some three weeks after attaining her majority, and represented by counsel, appellant filed the answer to Termplan's petition previously referred to. And, as also stated hereinabove, the cause came on for trial and judgment was rendered on July 1, 1970—forty-nine days after appellant reached her majority.

■■ Notwithstanding the fact that appellant reached her majority on May 12, 1970, eight days prior to the return day named in the summons (May 20, 1970), and the additional fact that she never requested the magistrate to appoint a guardian, she argues that the magistrate violated Section 517.210, and consequently erred, by permitting the suit to be "further prosecuted", and to proceed to an adverse judgment, *without having appointed a guardian on her behalf*. The postulate is fallacious and we reject it. Section 517.210 is purposed for the protection of infants—not adults. During the brief interim of appellant's infancy following service of summons upon her and prior to becoming of adult age (a period of fifteen days), she was accorded the protection of the statute in that during such period of time there was no further prosecution of the suit. Nor, during that brief period of her infancy, was there violation of her statutory right, upon her request, to have a magis-

trate-appointed guardian. This, for the reason she never made such request. Upon the termination of appellant's infancy, Section 517.210 became irrelevant to the proceedings. That statute is not susceptible of interpretation that it required the magistrate to appoint a guardian for an *adult* defendant. To illustrate: Even if, during the appellant's minority, the magistrate had appointed a guardian for her at her request (as the statute required him to do), the appointed guardian would have become *functus officio* when appellant reached adult age. "The authority of a guardian ad litem or next friend of an infant to represent him in the conduct of the cause expires with the minority of the infant; ˟ * *.", 43 C.J.S. Infants § 113, p. 310. The quoted rule was followed in West St. Louis Trust Co. of St. Louis v. Brokaw, 232 Mo.App. 209, 102 S.W.2d 792, 795, where the court said, "(T)he function and authority of the next friend continues to, but only to, the final termination of the cause for which he was appointed, unless perchance he is meanwhile removed by the court, *or is rendered functus officio by virtue of the arrival of the infant at the age of majority short of the conclusion of the case*." (Emphasis ours.)

That no guardian was appointed by the magistrate, under the circumstances of the case before him, is no reason to hold that he acted contrary to or in excess of his authority, or to hold that his judgment is invalid.

Appellant's second point charges the circuit court with error in upholding the validity of the magistrate court judgment for the tendered reason "the action was not maintainable pursuant to Section 431.060 R.S.Mo.1969," which provides:

"No action shall be maintained whereby to charge any person upon any debt contracted during infancy, unless such person shall have ratified the same by *some other act than a verbal promise to pay the same*; and the following acts on the part of such person after he becomes

of full age shall constitute a ratification of such debt:

(1) An acknowledgment of, or promise to pay such debt, made in writing;

(2) A partial payment upon such debt;

(3) A disposal of part or all of the property for which such debt was contracted;

(4) A refusal to deliver property in his possession or under his control, for which such debt was contracted, to the person to whom the debt is due, on demand therefor made in writing."

Although the charge of error asserted in appellant's point two is outside the recognized scope of review in certiorari proceedings, in that it is not limited to questions of the magistrate's jurisdiction or authority to render a judgment in the case, but invites inquiry into the merits of the case, we gratuitously notice the point.

Section 431.060 is a declaration that a debt contracted by an infant is not enforcible against him after he becomes of age unless he ratifies the debt by performing one or more of the four acts therein specified. The effect of Section 431.060 is to eliminate the necessity of disaffirmance, by positive act, of such a contract by the minor, on becoming of age, in order to prevent its enforcement, as was required by the common law. See Koerner v. Wilkinson, 96 Mo.App. 510, 70 S.W. 509, a leading case. Notwithstanding disaffirmance is thus accomplished by law without affirmative act by the minor turned adult, it must yield to the effect of ratification resulting from one or more of the enumerated acts done by the contracting infant after reaching her majority.

■ Appellant argues that the record fails to show any act of ratification on her part as is required by the statute in order to charge her with the debt. For that matter, the record fails to show that she was a minor when she made her contract. The allegation to that effect in her answer was

not self evident. No proof whatsoever was submitted to the magistrate to establish that allegation as a fact. In the absence of such evidence, it was not incumbent upon her adversary to establish that she had ratified her debt by proving she had performed an act enumerated by Section 431.060. Even if such incumbency existed, we would not be justified in assuming that the necessary proof had not been supplied. See Hendrickson, Adm'x. v. St. Louis & Iron Mountain R. R. Co., 34 Mo. 188, where the defendant, against whom a justice of the peace had rendered a default judgment, complained that the record did not reflect necessary proof. Reviewing, the Supreme Court said:

"The appellant's counsel assumes that the preliminary proof required by the law was not made, and that for this cause the judgment of the justice was a nullity. It should be borne in mind that the justice's docket does not show that the proof was not made, but only omits to show that it was; and if we were of opinion that the proof was necessary to the validity of the judgment, still we would not be warranted in holding this judgment invalid, because, for aught that appears, the proof was in fact made, and it would be our duty to suppose it was so made to uphold the judgment in support of the title acquired under it. But if it be conceded the required proof was wholly omitted, the legal result insisted upon by the learned counsel would not follow. The judgment of a court having jurisdiction of the parties, and of the subject matter of the action, is not null because the court has misconceived the law of the case."

The final order and judgment of the circuit court is affirmed.

SHANGLER, C. J., and DIXON, J., concur.

PRITCHARD, SWOFFORD, and WASSERSTROM, JJ., not participating because not members of court when cause was submitted.