v.

K. D. M., W. and C. W., Defendants-Respondents.

In re T. W. and L. W., minors.

E. W., Petitioner,

v.

K. D. M., W. and C. W., Respondents.

No. 57863.

Supreme Court of Missouri,
En Banc.

Feb. 12, 1973.

Stephen E. Gottlieb, The Legal Aid Society of the City and County of St. Louis, St. Louis, for appellant.

Vincent E. Hartigan, Jr., St. Louis, for respondents.

BARDGETT, Judge.

The issue to be decided is whether or not an appeal lies from a circuit court judgment denying a petitioner habeas corpus relief where the substance of the circuit court habeas corpus action involved the custody of minor children and the fitness of the petitioner was put in issue in the circuit court action by the pleadings and the evidence.

Missouri Court of Appeals, St. Louis District (hereinafter court of appeals), cause No. 34181, styled E. W., Petitioner, plaintiff-appellant, vs. K. D. M., W. and C. W., defendants-respondents, is an appeal from a judgment of the Circuit Court of St. Louis County entered in a habeas corpus action. Court of appeals cause No. 34484, styled In re T. W. and L. W., Minors, E. W., Petitioner, vs. K. D. M., W. and C. W., respondents, is a petition for writ of habeas corpus filed in the court of appeals. Both cases, as originally filed, involve the same parties and seek the same relief.

These cases were consolidated and transferred to this court by the court of appeals after opinion and upon certification that the principal opinion "is contrary to ruling decisions of the Supreme Court of Missouri, . . . and for the purpose of re-examining the existing law which prohibits appeals in habeas corpus proceedings involving the welfare of minor children". E. W. v. K. D. M., Mo.App., 479 S.W.2d 167, 172. This court has jurisdiction. Art. V, § 10, Const. of Mo.1945, as amended, V.A.M.S. The facts and opinions of the judges of the court of appeals are set forth in E. W. v. K. D. M., supra.

E. W., petitioner-plaintiff-appellant, is the natural mother of the two minor children, T. W., a boy born January 21, 1968, and L. W., a girl born August 31, 1969, whose custody is the subject of this litigation. K. D. M. is the admitted putative natural father of the two children. W. is the mother of K. D. M., and C. W. is the husband of W. and the stepfather of K. D. M.

E. W. filed a habeas corpus action in the Circuit Court of St. Louis County. The relief she sought was an order commanding respondents, K. D. M., W. and C. W., to return the two minor children to her. Respondents filed their pleading in which they admitted that E. W. was the natural mother and that the children were residing with respondents. Respondents further alleged that respondent K. D. M. was the natural putative father of the two children and that petitioner was not qualified to care for the two children, asserting that petitioner was the mother of seven other illegitimate children; that from time to time she was living with other men, none being her husband; that petitioner was neglectful of the physical and mental health and welfare of the children and mistreated them physically and mentally; that she left the children unattended and improperly cared for by persons not qualified to care for them. Respondents prayed that the petitioner's writ of habeas corpus be dismissed and that respondent K. D. M. be granted the care, custody, and control of the two children.

At the circuit court trial the parties introduced evidence in support of their contentions and in opposition to their opponents' contentions. The circuit court found in favor of respondents and awarded custody of the two minor children to their father K. D. M., respondent, and awarded E. W., their mother, certain temporary custody rights. Findings of fact and conclusions of law were neither requested by the parties nor entered by the court.

Court of appeals cause No. 34181 was an appeal by E. W., the mother, from the judgment of the circuit court which denied her habeas corpus relief and awarded the general custody of the children to K. D. M., the putative father. The court of appeals initially determined that it did not have jurisdiction to entertain the appeal because appeal does not lie in habeas corpus and, by opinion, dismissed the appeal. Before the mandate of the court of appeals went down in cause No. 34181, the petitioner E. W. filed a petition for writ of habeas corpus in the court of appeals and this became court of appeals cause No. 34484. The petition and return in cause No. 34484 are practically identical to and raise the same issues as those appearing in the circuit court action from which E. W. appealed—being court of appeals cause No. 34181.

The court of appeals then set aside its order dismissing the appeal in cause No. 34181 and consolidated both causes. By agreement of counsel further argument on the merits was waived and both causes were submitted to the court of appeals for decision. The court of appeals concluded that the matter should be decided on appeal rather than on the petition for writ of habeas corpus and affirmed the judgment of the circuit court in cause No. 34181 and dismissed the petition for writ of habeas corpus filed in the court of appeals in cause No. 34484.

The principal opinion of the court of appeals states that the basis for the foregoing procedure (deciding cause No. 34181 on appeal and dismissing the petition for ha-

beas corpus in cause No. 34484) is that this court has held that where the welfare of a child is involved in a habeas corpus proceeding, and the fitness of those seeking custody is raised in the pleadings, the nature of the inquiry makes the proceeding one of an equitable nature. In re Shepler, Mo. banc, 372 S.W.2d 87, 91 (quoting Ex parte De Castro, 238 Mo.App. 1011, 190 S. W.2d 949, 951). The court of appeals concluded that since the proceeding in circuit court is converted to one in equity it can no longer be considered habeas corpus and an appeal from the judgment entered on the equitable proceeding should lie. The court of appeals recognized that a long line of decisions of the Supreme Court of Missouri holds that no appeal lies from habeas corpus, running from Howe v. State, 9 Mo. 690, in 1846, to Jones v. State, Mo. banc, 471 S.W.2d 166, in 1971, and therein lies the conflict that caused the court of appeals to certify these two causes to this court.

Two of the dissenting judges held the view that no appeal lies and that no appeal should lie from the circuit court adjudication of the habeas corpus proceeding. The basis for this belief is that the petitioner who is denied habeas corpus relief in circuit court has the remedy of filing a new application for habeas corpus in the court of appeals; that this remedy is prompt and inexpensive and avoids the time-consuming and costly steps of obtaining a transcript, printing briefs, and waiting out the ordinary docketing processes in the court of appeals. One dissenting judge was of the view that Chapter 211, RSMo 1969 (The Juvenile Code), V.A.M.S., afforded the correct procedure for the determination of the fitness of the mother to have custody of the two children in this case, and that habeas corpus did not lend itself to an appropriate disposition of the matter but did believe that, as to appellate review, appeal is preferable to a new proceeding in habeas corpus in the appellate court. The foregoing is an over-simplification of the three opinions filed by the judges of the court of appeals; however, those opinions are

available to the reader in E. W. v. K. D. M., *supra.*

This court in the case of In re Shepler, *supra,* 372 S.W.2d 87, 90, stated: "Without analyzing or discussing the numerous (and, unfortunately, sometimes seemingly divergent) pronouncements of the several appellate courts of this state, including this court, in reference to the principles of law applicable to the adjudication of child custody questions, it may be said that the prime consideration of the courts, and the ultimately determinative factor in all such cases, is that of the welfare and best interest of the children involved."

■ One of the factors involved in the concept of the best interests of the children is that there be available a procedure, where none other exists, in which the adjudication of their custody can be accomplished in a reasonably short period of time. This is particularly true where a petitioner alleges a legal natural right to custody and alleges that those holding the children are doing so unlawfully. In the instant case there had been no prior adjudication of custody in any legal forum. Habeas corpus is the conventional remedy in such circumstances. The issue of custody takes on added significance where, as here, one of the respondents is the natural father, albeit putative, and asserts facts, which if found to be true would lead to the conclusion that the petitioner is unfit to have the general custody of the children and the interests of the children would be substantially harmed by returning them to the petitioner.

■ The courts of appeal and this court long ago recognized that the paramount consideration in cases involving the custody of children was and is the well-being of the children. Recognition of this principle required that, in habeas corpus cases where the fitness of the petitioner or respondents to care for the children is placed in issue, the court must be guided by equitable principles and not solely by the bare legal rights of the petitioner and

respondents. Thus, such a habeas corpus action has been characterized as "one of an equitable nature." In re Duncan, Mo. banc, 365 S.W.2d 567, 571, 4 A.L.R.3d 1270; In re Shepler, *supra,* loc. cit. 91. The characterization, however, did not cause habeas corpus to become a suit in equity but rather served the purpose of describing the scope that the inquiry must encompass regardless of whether the habeas corpus is filed in the circuit court or the court of appeals. Cf. In re Duncan, *supra,* and In re Shepler, *supra.* To convert habeas corpus to a suit in equity, and to then attribute to the converted case all of the rules pertaining to equity cases and to appeals from the judgments entered by the circuit courts therein, would divest habeas corpus of one of its principal characteristics and objectives, to wit, the prompt release of children unlawfully held in custody by a respondent to a petitioner who is lawfully entitled to their custody and who is not unfit to care for them.

■ The prompt adjudication aspect of habeas corpus remains an important element of the remedy whether the cause is in an appellate court by appeal or on an original petition for habeas corpus filed in that court. Nevertheless, under existing procedures, promptness of adjudication can be best accomplished by the filing of a new petition for writ of habeas corpus rather than taking an ordinary appeal from the judgment of the circuit court. The court of appeals has substantial flexibility in handling the petition for habeas corpus filed therein.

■ This opinion is not to be taken as enlarging the scope of habeas corpus beyond that which presently exists nor as making habeas corpus available in situations where it is not presently applicable. The issue here is whether or not an appeal lies from the judgment of the circuit court entered on a petition for writ of habeas corpus. The court holds that the existing no-appeal rule in habeas corpus is sound and adheres to it.

**68**

The appeal in court of appeals cause No. 34181 is dismissed.[1] The order and judgment of the court of appeals in its cause No. 34484 dismissing the petition for writ of habeas corpus is reversed and remanded with directions to reinstate said petition for writ of habeas corpus.

All concur except HOLMAN, J., who concurs in result.

1. The opinion of the Missouri Court of Appeals, St. Louis District, in E. W. v. K. D. M., reported at 479 S.W.2d 167, was vacated by the action of that court in transferring the appeal to this court pursuant to Art. V, § 10, Const. of Mo. 1945, as amended.