**In re C.S.N. and M.S.N., Minors.**

**No. 46163.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 5, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Aug. 28, 1984.

Transferred to Supreme Court
Oct. 9, 1984.

Retransferred to Court of Appeals
Feb. 15, 1985.

Original Opinion Reinstated
March 20, 1985.

---

Curtis & Crossen, Leland B. Curtis, and Thomas E. Allen, Clayton, for appellant.

Belz & Belz, Mark Belz, St. Louis, for respondent.

GARY M. GAERTNER, Special Judge.

This is an appeal from a grant of habeas corpus. S.N. was awarded custody of his two children, C.W.N. and M.S.N. This appeal was taken from that grant of habeas corpus and award of custody.

This Court is obligated to determine whether it has appellate jurisdiction. *Frey v. Gabel*, 574 S.W.2d 38, 39 (Mo.App.1978). Appellate jurisdiction is lacking. No appeal lies from a decision in a habeas corpus proceeding. *Bebee v. State*, 619 S.W.2d 363, (Mo.App.1981); *Miller v. State*, 615 S.W.2d 98 (Mo.App.1981); *W. v. M., W. & W.*, 490 S.W.2d 64 (Mo. banc 1973); *Hutchinson v. Wesley*, 455 S.W.2d 21 (Mo.App. 1970).

The proper remedy in this case is by a writ of certiorari. *W. v. M., supra; Hutchinson, supra.*

This appeal is dismissed.

DOWD, C.J., concurs.

SATZ, J., concurs in separate concurring opinion.

SATZ, Justice, concurring.

Under present Missouri law, I am constrained to concur.

As noted by the majority, this is an appeal from a grant of habeas corpus. S.N., the natural father, was awarded custody of his two children, C.W.N. and M.S.N. The natural father filed the writ against the children's stepfather and maternal grandmother, who were holding the children after the death of their natural mother. The mother had custody of the children pursuant to a divorce decree entered on October 27, 1970.

At the evidentiary hearing held by the trial court, all the parties testified, including the children. The court also considered home studies of both parental homes as well as the expert testimony of a child psychiatrist. The court found that both the natural father and stepfather love the boys and that neither the natural father nor his present wife was unfit or unsuitable to have custody of the boys. On the bsis of these findings, custody was given to the natural father.[1]

This court is obligated to determine whether it has appellate jurisdiction. *Frey v. Gabel*, 574 S.W.2d 38, 39 (Mo.App.1978). Under present Missouri law, jurisdiction is lacking because no appeal lies from a decision in a habeas corpus proceeding. *W. v. M., W. & W.*, 490 S.W.2d 64, 67–68 (Mo. banc 1973); *Hutchinson v. Wesley*, 455 S.W.2d 21, 23 (Mo.App.1970).

In *W. v. M., W. & W., supra* at 67, the Court reaffirmed existing law, specifically holding that no appeal lies from a denial of habeas corpus involving the custody of a minor child. The Court reasoned the interests of children would be served best by keeping the adjudication of custody out of the more time consuming appeals process. *Id.* at 67. Accordingly, a petitioner in habeas corpus who is denied relief in the circuit court must seek further relief by filing a new petition for writ of habeas corpus in the court of appeals. *Id.* at 67.[2]

However, where, as here, the losing parties are respondents who do not claim an existing legal right to custody of the child, the alternative of filing a writ of habeas corpus in the appellate court is not a viable option. *See State ex rel. White v. Swink*, 256 S.W.2d 825, 830, 832 (Mo.App.1953). As noted by the majority, respondents in a habeas corpus proceeding who lose in the trial court do have the option of filing a writ of certiorari in the appellate court. *State ex rel. Bennett v. Gagne*, 623 S.W.2d

---

1. Upon the death of the mother, the custodial spouse, the father's right to custody was by, opertion of law, restored to him, if he were otherwise fit. *E.g., Schumacher v. Schumacher,* 223 S.W.2d 841, 845 (Mo.App.1949); *State ex rel. Walker v. Crouse,* 205 S.W.2d 749, 750 (Mo.App. 1947).

2. The appellate proceeding can be expedited by certifying the transcript of the original hearing to the court of appeals by consent of the parties. In this way, the appellate court can make an independent determination of the fitness of the parties without the necessity of a second evidentiary hearing. *G.C.J. v. G.G.,* 510 S.W.2d 193, 195 (Mo.App.1974).

87, 89 (Mo.App.1981); *State v. Dodson*, 556 S.W.2d 938, 945 (Mo.App.1977); *see also Hutchinson v. Wesley, supra* at 24. This writ, as presently construed, however, would not provide the present respondents adequate relief.[3]

The functions of the writ of certiorari have not been specifically defined by statute in Missouri, *State ex rel. Kassen v. Carver*, 355 S.W.2d 324, 327 (Mo.App.1962); rather, in Missouri, we adopted the writ as it existed at common law. *Id.* at 327; *State ex rel. Kennedy v. Remmers*, 101 S.W.2d 70, 71 (Mo.1936). At common law, the writ is issued from a superior court to an inferior court, commanding the inferior court to certify its record to the superior court for consideration. *See, e.g., State ex rel. Modern Finance Co. v. Bledsoe*, 426 S.W.2d 737, 740 (Mo.App.1968). The writ is used to determine "whether the inferior tribunal acted outside its jurisdiction or otherwise illegally, in situations where no appeal or other available mode of review is afforded or where such other type of review is inadequate to meet the exigencies of the case" (citations omitted) *Id.* at 740.

The writ of certiorari is narrow and inflexible. It presents only questions of law and does not permit consideration of evidence or issues of fact. *State ex rel. Retirement System of St. Louis v. Murphy*, 224 S.W.2d 68, 73 (Mo. banc 1949). It does not authorize an inquiry into the merits of the case below. *State ex rel. Hill v. Davis*, 488 S.W.2d 305, 308 (Mo.App.1972); *But see State ex rel. Massman v. Bland*, 194 S.W.2d 42, 44 (Mo. banc 1946). Rather, its scope is limited to the question of the jurisdiction or power of the court below to render its decision. *State ex rel. Hill v. Davis, supra* at 308; *State ex rel. Kennedy v. Remmers, supra* at 71; *State ex rel. Miller v. O'Malley*, 117 S.W.2d 319, 321 (Mo. banc 1938).

Habeas Corpus is essentially a legal remedy *Ex parte De Castro*, 190 S.W.2d 949, 951 (Mo.App.1945), conventionally limited to jurisdictional issues as they can be determined on the face of the record. *Griggs v. Venerable Sister Mary Help of Christians*, 238 S.W.2d 8, 13 (Mo.App.1951). Where habeas corpus is thus limited, a writ of certiorari which also tests questions of jurisdiction may well be an effective vehicle of appellate review for the party who was respondent in the trial court and who has lost. However, when habeas corpus is used as the procedural vehicle to adjudicate the custody of minor children and the fitness of the petitioner or respondent to care for the children is placed in issue, an expanded inquiry at trial is not only permitted but is required. *W. v. M., W. & W., supra* at 67. The paramount consideration is the well-being of the child and the inquiry, therefore, is not limited to the bare legal rights of the parties; rather it must be guided by equitable principles so as to determine the best interests of the children. *Id.* at 67. The inquiry is normally broadened to include a full evidentiary hearing as was held in the trial below.

Under these circumstances, a writ of certiorari, in its conventional sense, is clearly an inadequate vehicle for review. The imbalance between petitioner and respondent is inequitable. A petitioner who loses below can file another writ of habeas corpus in an appellate court, and, under our present practice, obtain a repetition of the entire proceeding, including a new evidentiary hearing if he so desires; not so for a losing respondent, who can only seek review under the narrow constraints of a writ of certiorari.

Unless the scope of review under a writ of certiorari is broadened beyond its conventional scope, *see State ex rel. Crockett v. Ellison*, 271 Mo. 416, 196 S.W. 1140 (banc 1917), the review provided by the writ is not meaningful in a child custody case like the present case. The issues involved in a child custody proceeding de-

---

**3.** It is not clear from the record whether both respondents below, the stepfather and maternal grandmother, are appealing or whether just the stepfather is appealing; nor is it made clear whether the ultimate relief sought is to have legal custody placed in the stepfather or grandmother or, for that matter, both.

mand that we minimize the possibility of judicial error by providing a method of review at least as effective as a conventional appeal.